Sullivan,
Nov. 3, 1948. } No. 3761.

BRAMPTON WOOLEN COMPANY *v.* LOCAL UNION 112 & *a.*

*McLane, Davis, Carleton & Graf* (*Mr. Stanley M. Brown* orally), for the plaintiff.

*Jacob M. Shulins* (by brief and orally), for the defendants.

BLANDIN, J.   The court has jurisdiction to determine whether the dispute is arbitrable.   *Matter of Belding Hemingway Company*, 295 N. Y. 541; *International Association of Machinists & a.* v. *Cutler-Hammer, Inc.*, 74 N. E. (2d.) 464.  See also, *Burleigh* v. *Ford*, 59 N. H. 536, 539.  Furthermore the plaintiff's legal remedy is clearly inadequate and the demurrer was properly overruled.  It was faced with a choice of refusing to arbitrate and thereby perhaps breaking the contract which would have freed the defendants from their no-strike obligation, or by participating in arbitration it might have been held to have waived its claim that the disputes were not arbitrable (Restatement, Contracts, s. 445, s. 550, *comment a.*) and thereby have been bound by the award according to the provisions of the contract. See *Straw* v. *Truesdale*, 59 N. H. 109.   Therefore there was no error

in the issuance of an injunction staying interlocutory proceedings until the parties' rights could be finally determined. See *American Motorists Ins. Co.* v. *Rush*, 88 N. H. 383, 384; *American Motorists Ins. Co.* v. *Garage*, 86 N. H. 362, 364.

The answer to the remaining question before us depends on whether vacation pay should be considered as wages which are admittedly a subject for arbitration under article VI of the collective bargaining agreement. It is fundamental in this jurisdiction that the interpretation of a written contract is for this court (*Pettee* v. *Chapter*, 86 N. H. 419; *Irwin* v. *Blain*, 95 N. H. 20, and cases cited) and that the test to determine the sense of words is to inquire what they meant to those who used them. *State* v. *Downes*, 79 N. H. 505, 506; *Cordopatis* v. *Bakalopoulos*, 79 N. H. 77, 78; *Lord* v. *Meader*, 73 N. H. 185, 187, 188; *Kendall* v. *Green*, 67 N. H. 557, 562. Applying this test we have no hesitation in saying under the agreement before us that vacation pay is included in the term wages and therefore arbitrable. We believe that ordinary men in the position of these individual defendants would have thought of vacation pay as part of their pay or wages and no reason appears why the same meaning should not have been equally plain to their employer. There can be little doubt that workers generally consider the money which comes to them as a result of their labors, whether it be regular pay, overtime or vacation pay as a part of their wages and courts have recognized this fact. *In re Wil-Low Cafeterias*, 111 Fed. (2d) 429; *In re Public Ledger, Inc.*, 161 Fed. (2d) 762.

The plaintiff's argument that wages are more subject to change and controversy than vacation pay and hence more properly a matter for arbitration does not impress us as entitled to great weight. Vacation pay also varies under the contract here in accordance with earnings and obviously is apt to become controversial as in the present instance. Nor is it controlling that vacation pay is under a separate article from that devoted to wages and that the word "pay" rather than wages, is used. The agreement must be viewed as a whole and "The language used by the parties is not to be construed by arbitrary definitions of the words employed. The question always is: what did the terms employed mean to the parties using them?" *Lord* v. *Meader, supra*, 187, 188. We hold therefore that the dispute is one for arbitration and the order is

*Injunction dissolved; bill dismissed.*

All concurred.