Hillsborough,
No. 4328.

NASHUA CORPORATION *v.* NEWELL BROWN, *Director.*

Argued September 7, 1954.

Decided September 30, 1954.

*Hamblett, Moran & Hamblett* (*Mr. Robert Hamblett* orally), for the plaintiff.

*James M. Riley, Jr., Winslow H. Osborne* and *Edward F. Smith* (*Mr. Riley* orally), for the defendants.

The claimant furnished no brief.

KENISON, C. J. The question presented here is whether a wife who leaves her employment to join her husband in another state in a newly established home is entitled to unemployment compensation benefits. The pertinent part of the governing statute provides that the claimant shall be disqualified for benefits for a specified period after she has left her work "voluntarily without good cause in accordance with rules and regulations of the commissioner." R. L., *c.* 218, *s.* 4 A, as amended by Laws 1947, *c.* 59, *s.* 12. The applicable regulation, which is quoted in full in the statement of facts, provides that an individual "left his work voluntarily without good cause" if it was "for a reason which is not attributable to the employer."

One of the original and primary purposes of our unemployment compensation law was to provide some measure of relief against involuntary unemployment. *Goings* v. *Riley*, 98 N. H. 93, 96. See Laws 1935, *c.* 99 (preamble). "Not every case of unemployment entitles an unemployed person to benefits." *Wellman* v. *Riley*, 95 N. H. 507, 510. The decisions which have considered

the question which is presented in this case have not been unanimous in their holdings. Riesenfeld and Maxwell, Modern Social Legislation, 565 (1950). Although it has been suggested that the various differences in the decisions can be explained on the grounds of strict statutory interpretation or liberal statutory interpretation (anno. 13 A. L. R. (2d) 875, 876), it seems more likely that the conflict in the cases can be more accurately accounted for by the differences in the statutes and the regulations promulgated thereunder.

Some states have a specific statutory provision which disqualifies a spouse who removes from her place of employment for marital or domestic reasons. *Moore* v. *Bureau of Unemployment Compensation,* 73 Ohio App. 362; *Farloo* v. *Champion Spark Plug Co.,* 145 Ohio St. 263; *Illinois Bell Telephone Co.* v. *Board of Review, etc.,* 107 N. E. (2d) 832. (Ill.). Within recent years such a statutory provision has appeared more frequently. 1950 Annual Survey of American Law, 249. See Pa. Pamphlet Laws 1953, Act No. 396. No such provision appears in the New Hampshire statute. But even in the absence of such a provision it has been held that the spouse is disqualified from receiving benefits. *Woodman of World Life Ins. Soc.* v. *Olsen,* 141 Neb. 776.

In those states where the statute provides that the "good cause" for leaving one's employment must be a cause connected with that employment, compensation has been denied. *Ex parte Alabama Textile Products Corp.,* 242 Ala. 609; *Huiet* v. *Schwob Mfg. Co.,* 196 Ga. 855. The unemployment compensation decisions in this state have attempted to avoid the extremes of strict or liberal statutory interpretation. "The statute is to be construed as written having in mind its evident purpose whether the end result is considered by some to be economically good or bad." *Auclair Transportation Co.* v. *Riley,* 96 N. H. 1, 3.

While our statute (R. L., c. 218, s. 4 A, as amended by Laws 1947, c. 59, s. 12) disqualifies only for voluntary leaving without restricting it to good cause attributable to the employer, the regulation of the Commissioner specifically relates the disqualification to reasons which are not attributable to the employer. In other words the regulation provides in effect that the voluntary quit by the employee must have some connection with or relation to the employment in order to be compensable. The regulation has been in effect for several years without amendment. Furthermore the defendant has frequently defended its administrative

decisions denying benefits on the ground that the voluntary quit was without good cause "attributable to his employer." *Hewett v. Riley*, 94 N. H. 460, 461, 462. The statute (*s.* 4 A) makes the regulation an integral part of the disqualification for benefits for leaving the employment "voluntarily without good cause." The regulation specifically provides that voluntary termination of employment "for a reason which is not attributable to the employer" is a voluntary quit without good cause. That is this case and accordingly the claimant is disqualified.

Special problems call for special provisions. Thus we find the statute specifically providing for benefits for military personnel (*s.* 2 E, as amended by Laws 1951, *c.* 140, *s.* 5) and limiting eligibility conditions "in the case of a pregnant woman." *S.* 3 C, as amended by Laws 1951, *c.* 140, *s.* 7. Whether the facts of the present case present a recurring problem which requires a change in the statutes or in the regulations "only after public hearing or opportunity to be heard thereon" (*s.* 9 C), are legislative and administrative matters upon which we express no opinion.

Section 6 C (2) (1) (a) as amended by Laws 1953, *c.* 209, *s.* 5, provides that there shall be no "charge-backs" to the most recent employer where benefits have been paid to an individual disqualified for voluntary leaving without good cause "attributable to the employer." Therefore benefits already paid the claimant are chargeable to the Unemployment Compensation Fund and cannot be charged to the plaintiff employer. In accordance with the stipulation of the parties the claimant is not entitled to receive further unemployment compensation benefits "until she lifts her disqualification therefor."

*Judgment for the plaintiff.*

All concurred.