Rockingham,
No. 4579.

ARTHUR LAURENCE BROWN *v.* RYE.

Argued June 4, 1957.

Decided June 28, 1957.

*William P. Fowler* (by brief and orally), for the plaintiff.

*Warren E. Waters,* Deputy Attorney General (by brief and orally), for the State Tax Commission, *amicus curiae.*

KENISON, C. J., The pertinent part of RSA 79:2 (supp.); Laws 1955, c. 287, s. 1, *par.* 2, provides that "All growing wood and timber . . . shall be released from the general property tax . . . but the land on· which such growing wood and timber stands shall be assessed." Since growing wood and timber is removed from the burden of the annual property tax a substitute yield tax is levied on such wood and timber which has been cut during the previous tax year. This is set forth in RSA 79:3 (supp.) which reads in part as follows: "A normal yield tax on the stumpage value at the time of cutting shall be assessed by the assessing officials, as of October first of each year, against each owner of growing wood and timber which has been cut during the previous tax year, at the rate of ten per cent . . . . " These sections constitute a constitutional method of timber taxation suggested in *Opinion of the Justices,* 84 N. H. 559, 574: " . . . the enactment of a general law removing standing timber from the class of taxable estate, and imposing a tax thereon to be levied when the growth is severed from the realty." See note, Forest Taxes and Conservation, 53 Harv. L. Rev. 1018, 1021; Report of the N. H. Timber Tax Study Committee, *p.* 5 (1954).

Under the agreed statement of facts no question is raised by the parties concerning the computation of the tax, the abatement for improved forest practices under RSA 79:6, or the fact that the notice of cutting and report under RSA 79:9, 10, were filed late and under protest. For the purposes of this case we assume the tax was properly computed in determining its validity.

To determine the validity of the yield tax on plaintiff's timber, it is necessary to examine the chronology of events leading up to it. On April 1, 1954, the plaintiff was the owner of growing wood and timber which was "released from the general property tax." On October 1, 1954, no yield tax was assessed under RSA 79:3 because no wood and timber had been cut. Subsequently and during the

winter of 1954-1955 the timber was severed. In January and February of 1955, the plaintiff filed his notice of cutting and report under RSA 79:9, 10. On April 1, 1955, no property tax was assessed on the plaintiff's wood and timber which continued to be released from the general property tax. On October 1, 1955, the yield tax was levied for wood and timber cut during the previous timber tax year.

Under RSA 79:3 (supp.) the yield tax is assessed as of October first of each year "against each owner of growing wood and timber which has been cut during the previous tax year." The statute does not require the wood and timber to be growing when cut but only that it be growing at the time when it is released from the property tax and becomes subject to the yield or timber tax. The tax is not upon growing wood and timber but "against each owner" who has cut, during the year preceding October first, timber which became exempt from the property tax because growing, and continued to enjoy that exemption to the time of cutting. When the wood and timber was cut, it had been previously released from the property tax because it was growing at the time the property tax became due. Since the plaintiff was an "owner of growing wood and timber" on April 1, 1954, and since on October 1, 1955, this wood and timber had "been cut during the previous tax year" (October 1, 1954 — October 1, 1955), the plaintiff as owner is liable for the yield tax under RSA 79:3 (supp.).

Accordingly it is unnecessary to a disposition of this case to ascertain the precise meaning of the phrases "growing wood and timber" or "standing wood and timber" as used in RSA ch. 79 (supp.) or the 1942 amendment to Article 5th, Part Second of the New Hampshire Constitution. *Lord* v. *Meader*, 73 N. H. 185; *Opinion of the Justices*, 99 N. H. 532; Kinney, Essentials of American Timber Law, *c.* III. This is particularly so in view of the absence of any statutory definition of these quoted phrases in the Timber Tax Act.

*Appeal dismissed.*

All concurred.