Hillsborough
No. 6446

MARCELLE ARMSTRONG & a.

v.

BENJAMIN C. ADAMS, COMMISSIONER,
DEPARTMENT OF EMPLOYMENT SECURITY & a.

July 24, 1973

*Nixon, Christy & Tessier (Mr. Robert F. Christy* orally) for the plaintiffs.

*Edward F. Smith, Joseph Stewart, and Andre J. Barbeau (Mr. Barbeau* orally) for the defendant Adams.

*Hamblett, Kerrigan, LaTourette & Lopez and Joseph C. Krolikowski (Mr. Krolikowski* orally) for the defendant Melville Shoe Corporation.

LAMPRON, J. Appeal to the superior court under RSA 282:5 G from a decision of the appeal tribunal of the department of employment security (RSA 282:5 C (Supp.

1972)) upholding the denial by a certifying officer of plaintiff's claim for unemployment compensation. It is agreed that the claims of other plaintiffs similarly situated will be governed by the decision in this case. The matter was submitted on an agreed statement of facts to *Keller,* C.J., who reserved and transferred without ruling all questions of law.

The issue to be decided is whether an additional payment made to the plaintiffs for the work week ending November 30, 1969, under an agreement between the union of which they were members and their employer Melville was to be considered under RSA ch. 282 in determining if the plaintiffs were entitled to a waiting-period credit or the payment of weekly benefits for that week. This additional payment was made by J. F. McElwain Company, an operating unit of Melville Shoe Corporation by whom plaintiffs were employed. It is agreed that the payment was made to the workers under the provisions of article XVI of the agreement. It was made "on December 4, 1969 (the regular payday being the Thursday following the week) by check (which included Thanksgiving holiday pay and the wages for services rendered during the week) bearing the week-ending date of November 30, 1969 and ... [was] carried on Melville's records as wages paid with respect to the week-ending November 30, 1969".

Article XVI reads in part as follows: "Each employee of the Company who is actively at work for the Company ... in the week beginning November 24, 1969 ... and who then has at least one year's continuous service ... shall be paid, in addition to his earnings for such week, an additional payment of $60 .... It is agreed that such additional payment shall be excluded from any computations of the employee's average earnings for any of the purposes of this agreement."

Plaintiff Armstrong worked on Monday, Tuesday, and Wednesday (November 24-26) and earned wages of $48. She was paid $16 holiday pay for Thanksgiving (November 27), which does not affect her eligibility. In addition she received the $60 additional payment under the agreement making total gross wages of $124 for the week ending November 29. The plant was closed and no work

was available on Friday or Saturday. It is agreed that but for the $60 payment either a waiting-period credit or payment of some unemployment compensation benefit would have been allowed her.

The parties agree that the $60 additional payment constitutes wages for all purposes within the Unemployment Compensation Act. *See* RSA 282:1 M (3) (Laws 1969, 460:3); RSA 282:1 O. Plaintiffs disagree, however, that this payment should be considered as wages earned in the week ending November 29, 1969, as carried on the books of Melville and ruled by the department of employment security. Plaintiffs contend that under the collective bargaining agreement this payment is to be deemed as wages earned during the twelve-month period preceding November 24, 1969.

One of the primary purposes of our unemployment compensation law is to provide some measure of relief against involuntary unemployment. *Nashua Corp. v. Brown,* 99 N.H. 205, 108 A.2d 52 (1954). Not every case of partial unemployment entitles a person to benefits. *Wellman v. Riley,* 95 N.H. 507, 67 A.2d 428 (1949). The legislative intent was to establish a minimum weekly earning level for an employee and to provide benefits if because of partial unemployment her wages drop below that minimum. RSA 282:1 M (2); *see Swafford v. Industrial Comm'n,* 462 S.W.2d 147 (Mo. App. 1970).

RSA 282:1 M (3) (Supp. 1972) provides that "Wages and/or earnings shall be deemed to have been received in such week or weeks in which earned, or, if not clearly identifiable, then for such week or weeks as the commissioner may find such can be reasonably said to apply." Article XVI of the agreement which provides for this $60 additional payment in clear language requires (1) that the employee must be actively at work or on permitted leave of absence in the week beginning November 24, 1969; and (2) that the employee must then have at least one year's continuous service (or at least 1000 hours in the twelve-month period preceding such week); and (3) these conditions being met, he shall be paid in addition to his earnings for such week an additional $60.

Viewing this article as a whole and giving the words employed their ordinary meaning we hold that this additional payment was intended to be considered as additional wages payable and earned in the work week ending November 29, 1969. *Brampton Woolen Co. v. Local Union,* 95 N.H. 255, 61 A.2d 796 (1948). The language is not susceptible to the interpretation urged by the plaintiffs that the $60 payment was earned over the preceding twelve-month period and that a prorated sum of $1.15 was attributable to the work week ending November 29, 1969. It is clear that the employee is not entitled to payment at any other time, either earlier or later, nor in any amount other than the $60 specified and that it is to be added to the earnings for that week. The department properly considered this payment as earned in the week ending November 29, 1969.

*Appeal dismissed.*

GRIFFITH, J., did not sit; the others concurred.