Hillsborough
No. 7103

TRAVELERS INDEMNITY COMPANY

v.

DONALD H. STEARNS AND ELEANOR A. STEARNS

May 29, 1976

*Wadleigh, Starr, Peters, Dunn & Kohls* and *Eugene M. Van Loan III* (*Mr. Van Loan* orally) for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *William S. Orcutt* (*Mr. Orcutt* orally) for the defendants.

GRIFFITH, J. This is a petition for declaratory judgment brought by the plaintiff, Travelers Indemnity Company, to determine the rights of the parties under uninsured motorist coverage in two policies issued by the plaintiff to Donald H. Stearns. The case was transferred without ruling on an agreed statement of facts by the Trial Court, *Mullavey,* J.

Mrs. Stearns was injured in Goffstown, New Hampshire, on May 13, 1973, when a car operated by Linda Boucher of Manchester struck a vehicle operated by Mr. Stearns propelling it into Mrs. Stearns. Sentry Insurance Company, the insurer of Linda Boucher, has settled with Mr. and Mrs. Stearns for the injuries sustained in the accident paying $20,000, the full amount of coverage on the Boucher vehicle. The settlement was approved by the plaintiff without waiver of its rights to contest coverage under the uninsured motorist provisions of its policies.

The plaintiff's policies of liability insurance on the two cars of Mr. Stearns each contained uninsured motorist coverage in the amount of $50,000 per person and $100,000 per accident. Travelers seeks a declaration that it is not obligated by these policies to furnish uninsured motorist coverage to the defendants

for damages in excess of the amount of $20,000 furnished by the negligent operator's insurance since that insurance is equal to the amount specified by the financial responsibility statute. RSA 268:15-a (Supp. 1975).

The plaintiff's policies were issued in Massachusetts to Mr. Stearns, a Massachusetts resident, for cars garaged in Massachusetts. It follows that the rights and obligations of the parties under the contract are governed by the law of Massachusetts. *Fisk v. Atlantic Nat'l Ins. Co.,* 108 N.H. 353, 236 A.2d 688 (1967); *Maryland Cas. Co. v. Coman,* 106 N.H. 364, 212 A.2d 703 (1965); *see* Restatement (Second) of Conflict of Laws § 193, Comment *c* (1971).

The plaintiff's policies with Mr. Stearns provided that the company would pay within the limits of its coverage all sums the insured is entitled to recover as damages from the operator of an "uninsured automobile". The policy defines an uninsured automobile as one "with respect to the ownership, maintenance and use of which there is *no* bodily injury liability bond or insurance policy applicable at the time of the accident. . . ." (Emphasis added.) The unambiguous language of the policies appears to restrict the rights of the defendants under the policy to cases involving an automobile with *no* insurance. Defendants point out that to follow the language of the policy would result in their being able to recover up to the full amount of their policies if the Boucher car had *no* insurance but nothing where the Boucher car had some insurance. While we agree the language of the policy provides an anomalous result, the clear language of the policy would seem to require it unless the policy is contrary to the Massachusetts statutes which govern. *See Forrest v. Hartford Accident and Indemnity Co.,* 323 N.E.2d 865 (Mass. 1975); *Charest v. Union Mut. Ins. Co.,* 113 N.H. 683, 313 A.2d 407 (1973); *cf. Carrignan v. Allstate Ins. Co.,* 108 N.H. 131, 229 A.2d 179 (1967).

On the date of the accident Mass. Gen. Laws ch. 175, § 113 L(1) required automobile liability insurance contracts to provide uninsured motorist coverage in the amounts or limits prescribed for Massachusetts automobile insurance. At that time the limits in Massachusetts were $5,000 and $10,000 so that the Boucher insurance of $20,000 was in excess of the Massachusetts limits and satisfied the New Hampshire limits. The Massachusetts statutes contain no definition of an uninsured motorist and no indication of any intent by the Massachusetts Legislature to mandate the coverage claimed by the defendants. Significantly in 1973, sub-

sequent to the date of the accident, the coverage sought by the defendants was added by amendment to the Mass. Gen. Laws ch. 175, § 113 L(1). The amendment added the following language: "and, further at the option of such policyholder coverage, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of *insured* motor vehicles, trailers or semitrailers, whose policies or bonds are *insufficient* in limits of liability to satisfy said *damages,* to the extent that said *damages* exceed said limits of liability subject to the terms of the policy." (Emphasis added.) This addition was introduced as Senate bill 1653 (1973) entitled, "An act extending uninsured motorists insurance coverage," and when enacted as chapter 380, Mass. Laws 1973 bore the title, "An act providing certain motor vehicle insurance coverage for persons who are injured by other persons who have insufficient insurance to compensate for such injuries."

Defendants' reliance on *Carrignan v. Allstate Insurance Co.,* 108 N.H. 131, 229 A.2d 179 (1967), is misplaced. In *Smiley v. Estate of Toney,* 44 Ill. 2d 127, 254 N.E.2d 440 (1969), in a factual situation identical with the present case and an Illinois statute that failed to define an uninsured vehicle, Justice Schaefer stated: "The cases that have permitted recovery under uninsured motorists clauses although the tortfeasor was actually insured were cases in which the latter was insured in an amount less than that required by the applicable financial responsibility law. In such a situation, as pointed out by Chief Justice Kenison in the *Carrignan* case, policy restrictions that contravene the purpose and objective of the statute are superseded. Beyond the area of mandatory coverage, however, the parties are governed by their contract." *Id.* at 132, 254 N.E.2d at 442; *see* Annot., 26 A.L.R.3d 883 (1969).

We hold that the uninsured motorist provisions of the plaintiff's policies are not available to the defendants in this case. In view of this holding, we do not reach the second issue transferred concerning the amount of coverage afforded.

*Remanded.*

All concurred.