Rockingham
No. 7589

DAVIS ASSOCIATES, INC.

v.

RAYMOND LAURION & a.

December 30, 1976

*Charles M. Eldredge,* by brief and orally, for the plaintiff.

*Coolidge, Cullinane & Cullinane (Mr. Robert L. Cullinane* orally) for the defendants.

GRIFFITH, J.   This is a petition brought under the provisions of RSA 542:8 requesting confirmation of an arbitration award. The case was submitted on an agreed statement of facts to a Master *(Leonard C. Hardwick,* Esq.), who recommended that the arbitrator's award be confirmed and that a petition filed by the

defendants seeking modification and correction of the award be denied. The master's report was approved by the Superior Court *(Perkins,* J.) and a decree entered in accordance therewith. All questions of law raised by the defendants' exceptions to the decree, the denial of their petition, and the court's refusal to remand the matter to the arbitrators for further consideration were reserved and transferred.

The plaintiff and defendants entered into an agreement under the terms of which they submitted to arbitrators designated by the American Arbitration Association their claims arising out of a construction agreement. Following a hearing, the arbitrators found that $73,152.33 was owed by the defendants to the plaintiff. Of that amount, $64,552.33 was to be paid within ten days of receipt of the award, and the remaining $8,600 was to be retained by the defendants against completion of certain work still to be performed. The claims of the parties were not addressed with particularity, nor was an itemization made of the various claims which comprised the lump sum award. The arbitrators report stated, however, that "[t]his award is in full settlement of all claims submitted to this arbitration."

The defendants contend that the arbitrators' failure to break down the lump sum award into its various components, to make an express determination as to the date on which substantial completion of the contract was accomplished, and to explicitly rule on the defendants' claim for damages flowing from loss of use of occupancy caused by the plaintiff's delay in completion constitute "plain mistake" enabling the superior court to correct or modify the award under RSA 542:8.

The master's report states that at the arbitration hearing, the defendants submitted evidence of the damages they claimed to have suffered through the plaintiff's alleged failure to substantially complete the contract and for their loss of use of occupancy because of that failure. The plaintiff also submitted evidence on those issues. The master's report stated, "Under those circumstances, the Master must assume that [the parties'] claims were given due consideration by the arbitrators and that their decision relative thereto is reflected in their award." We hold that the record supports this finding, and agree with the master's conclusion that a ruling that the arbitrators made a plain mistake or exceeded their powers is unwarranted by the evidence.

Nor is the fact that the arbitrators awarded a lump sum without ruling on each of the five monetary claims grounds for modifying

or vacating the award. Arbitrators are not required to detail the process by which they reach their result. *Fazio v. Employers' Liability Assurance Corp.*, 347 Mass. 254, 197 N.E.2d 598 (1964); *Hale v. Friedman*, 108 App. D.C. 272, 281 F.2d 635 (1960); Annot., 82 A.L.R.2d 969, 971-74 (1962).

*Exceptions overruled.*

All concurred.