Strafford
No. 78-087

MILDRED K. PARKER

v.

AMICA MUTUAL INSURANCE COMPANY

December 20, 1978

*Burns, Bryant, Hinchey, Cox & Shea,* of Dover (*James H. Schulte* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden,* of Concord (*Lawrence S. Smith* orally), for the defendant.

LAMPRON, C.J.   Application by the plaintiff for an order confirming the award of an Arbitrator (*Edward J. McDermott*, Esq.) in the amount of $5000 pursuant to the uninsured motorist provisions of a motor vehicle liability policy issued by the defendant in Massachusetts to plaintiff a resident thereof. The matter was submitted on an agreed statement of facts. The Superior Court (*DiClerico*, J.) found, *inter alia*, that the award was not the result of plain mistake, fraud, corruption, or misconduct by the parties or by the arbitrator, and that the arbitrator did not exceed his powers. RSA 542:8. Consequently the court ruled that the defendant was obligated to pay the award to the plaintiff. RSA 542:9. We uphold the trial court.

On October 16, 1973, the plaintiff, Mildred Parker, was a passenger in a motor vehicle owned by Herman Keller and operated by his wife, Alice Keller. The Keller vehicle went off the highway striking a tree. As a result of this accident, the plaintiff allegedly received serious permanent personal injuries that required extensive medical treatment. The Keller vehicle was registered and insured in Massachusetts. The accident occurred in Sutton, N.H. The Keller vehicle was insured for bodily injury liability by Traveler's Insurance Company, with limits of $20,000/$40,000. Plaintiff had uninsured motorist coverage for allegedly "full coverage" with her insurance company, the defendant Amica Mutual Insurance Company.

Pursuant to the provisions of her uninsured motorist policy, plaintiff demanded an arbitration proceeding to determine if she was entitled to recover for her injuries under her policy, in addition to any recovery under the Keller policy. Plaintiff received $15,500 in settlement of her suit against the Kellers. The motor vehicle policy in question was issued and delivered by Amica to the plaintiff in Massachusetts, where she resided. The arbitrator properly ruled that

its terms and conditions were to be governed by Massachusetts law. *Travelers Indemnity Co. v. Stearns*, 116 N.H. 285, 286, 358 A.2d 402, 403 (1976); R. Leflar, American Conflicts Law § 153 (3d ed. 1977).

Part II of the plaintiff's policy protected against uninsured motorists. Specifically, Condition 6 of this part stated: "Arbitration—If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury . . . or do not agree as to the amount of payment which may be owing under this coverage, then, upon written demand of either, such matter or matters upon which . . . [they] do not agree shall be settled by arbitration. . . ."

The policy defined in part an uninsured automobile as "(1) an automobile with respect to the ownership, maintenance and use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident . . . [or if there is such a liability bond or insurance policy] the company writing the same denies coverage thereunder or is or becomes insolvent." When the policy was originally issued to the plaintiff, the required limits of uninsured motorist coverage in Massachusetts were $5000 and $10,000. Mass. Gen. Laws ch. 90, § 34A. The Keller policy had coverage limits of $20,000 and $40,000 and therefore would not fall within the plaintiff's policy definition of an uninsured motorist. *See Travelers Indemnity Co. v. Stearns*, 116 N.H. 285, 286, 358 A.2d 402 (1976).

However, the applicable Massachusetts law (Gen. Laws ch. 175, § 113L(1)) that provides for uninsured motorist coverage was amended, prior to the date of this accident to provide for coverage against motorists with insufficient liability limits. The following language was added: ". . . and, further at the option of such policyholder coverage, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles, trailers or semitrailers, whose policies or bonds are *insufficient* in limits of liability *to satisfy said damages*, to the extent *said damages exceed said limits* of liability subject to the terms of the policy." (Emphasis added.) This addition was introduced as Senate bill 1653 (1973) entitled, "An act extending uninsured motorists insurance coverage," and when enacted as chapter 380, Mass. Laws 1973 bore the title, "An act providing certain motor vehicle insurance coverage for persons who are injured by other persons who have insufficient insurance to compensate for such injuries."

This amendment was adopted on June 12, 1973, and became effective September 12, 1973, one month before the accident.

Defendant argues that the issue whether Keller was an uninsured motorist is a question of law that is to be decided by a court as a condition precedent to arbitration. It maintains that the trial court erred in disregarding this issue and in dismissing defendant's counterclaim seeking a determination of the issue, by a petition for a declaratory judgment.

In answer to plaintiff's demand for arbitration, the defendant wrote the plaintiff as follows: "We have no objection to the demand for arbitration and are prepared to arbitrate this case." In its brief the defendant admits that: "In New Hampshire and elsewhere, the jurisdiction of arbitrators over the parties and the subject matter depends entirely upon the voluntary agreement of the parties." Defendant participated in the arbitration hearing.

Furthermore, defendant's answer admitted plaintiff's following allegation in her action to enforce the award in superior court. "11. The plaintiff at the time of the hearing before the arbitrator on the Demand for Arbitration orally amended her Demand for Arbitration by adding thereto a count 2, alleging that the defendant company at the time of inception and/or renewal of her policy [one month before the accident] had the obligation to provide her with full coverage which she had requested which included under-insured motorist coverage in a minimum amount of $5,000 and a maximum amount of $50,000." Although there is no record of the hearing, we can assume that the defendant did not object to the introduction of this issue in the arbitration proceeding and continued its participation therein. Defendant cannot later assert as a defense to the award by the arbitrator, that the status of the driver Keller, as an uninsured or under-insured motorist, should have been determined by a court as a condition precedent to arbitration between the plaintiff and the defendant. *Gay v. Preferred Risk Mut. Ins. Co.*, 114 N.H. 11, 17, 314 A.2d 644, 648 (1974); Annot., *Waiver of Arbitrability*, 33 A.L.R.3d 1242, 1245 (1970).

The parties agreed that in "purchasing [her policy], Mildred K. Parker dealt directly with the defendant, Amica . . . , and did not deal with any agent or intermediary. . . . The plaintiff requested that the defendant issue to her a motor vehicle policy which provided full coverage." The arbitrator could find and rule that the company was under a duty to issue the coverage requested by the plaintiff. He could also find that "full coverage" included from $5000 to $50,000

under-insured coverage, which could have been provided to the plaintiff on September 8, 1973, over a month before the accident, when defendant issued amended declarations to plaintiff's policy. The arbitrator could properly find and rule further that Amica was liable as though it had in fact issued the full coverage requested. *Mansfield v. Federal Services Finance Corp.*, 99 N.H. 352, 111 A.2d 322 (1955); *Employers Fire Ins. Co. v. Garney*, 348 Mass. 627, 631, 205 N.E.2d 8, 12 (1965).

The arbitrator, absent an agreement or statute, was not required to detail the process by which he determined that the plaintiff was covered by her policy and entitled to an award of $5000 in addition to her settlement of $15,500. *Davis Associates, Inc. v. Laurion*, 116 N.H. 852, 854, 367 A.2d 579, 580 (1976); 5 Am. Jur. 2d *Arbitration and Award* §§ 126, 127 (1962). Implicit in the decision of the arbitrator is the fact that plaintiff's damages justified the amount of the award made by him. *See Vigneault v. Travelers Ins. Co.*, 118 N.H. 75, 81, 382 A.2d 910, 914 (1978). Therefore, the trial court properly found and ruled that the award was not the result of plain mistake, fraud, corruption, or misconduct and that the arbitrator did not exceed his powers. RSA 542:8.

*Judgment on the award.*

All concurred.