FREDERIC T. GREENHALGE

v.

TOWN OF DUNBARTON

December 23, 1982

*Frederic T. Greenhalge*, of Concord, by brief and orally, pro se.

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, on the brief and orally), for the State.

BATCHELDER, J. The sole issue before us is whether the Trial Court (*DiClerico*, J.) erred when he accepted the recommendation of the Master (*Frank B. Clancy*, Esq.) and granted summary judgment for the plaintiff, ruling as a matter of law that Christmas trees are not subject to the yield tax under RSA chapter 79. We affirm.

The plaintiff grows fir and spruce trees from seedlings on his property in Dunbarton. Annually he cuts and sells these trees as Christmas trees to individuals and retailers. In November 1978, the plaintiff notified the Town of Dunbarton, as required by RSA 79:10 (Supp. 1979), that he intended to cut Christmas trees. The plaintiff petitioned the town for abatement of the severance tax and was denied. He appealed the town's decision to superior court. The commissioner of revenue administration collects the yield tax, RSA 79:14 (Supp. 1981), and the attorney general intervened in the matter on behalf of the department of revenue administration; however, the Town of Dunbarton remained the nominal defendant. The State filed a motion for summary judgment which was denied. The plaintiff's subsequent motion for summary judgment on the ground that Christmas trees were not subject to the yield tax under RSA chapter 79 was granted. The State appealed.

In the majority of jurisdictions, growing trees located on land are considered part of the real estate for tax purposes, and the value of the land is considered to be enhanced by the value of the timber. 84 C.J.S. *Taxation* § 411, at 806 (1954). RSA chapter 79, however, exempts standing wood and timber from general property taxation and instead provides that such timber is to be taxed at ten percent of the stumpage value at the time of severance. RSA 79:2, –:3 (Supp. 1981); *see Opinion of the Justices*, 84 N.H. 559, 574, 149 A. 321, 329

(1930). Because RSA chapter 79 does not impose a tax until the timber is harvested, it is referred to as a "yield tax." *See* Comment, *Forest Taxation in Maine: A Proposal*, 21 ME. L. REV. 109, 123 (1969). Yield taxes promote conservation by removing the pressure to harvest prematurely because there is no taxation before the realization of income from the sale of severed timber. *Id.*

Under RSA 79:2, certain trees are exempted from the yield tax but are still subject to the general property tax. These trees include fruit trees, sugar orchards, nursery stock, and trees maintained for shade and ornamental purposes. RSA 79:2. The State maintains that Christmas trees are growing wood and timber subject to the yield tax. *See* RSA 79:3 (Supp. 1981). The State further argues that RSA 79:2 does not include Christmas trees among those limited number of trees which are not subject to the yield tax.

■ It is well established that the words in the statute itself are the touchstone of the legislature's intention. *Caswell v. BCI Geonetics, Inc.*, 121 N.H. 1048, 1050, 437 A.2d 321, 322 (1981); *Corson v. Brown Products, Inc.*, 119 N.H. 20, 23, 397 A.2d 640, 642 (1979). However, the precise meaning of the phrase "growing wood and timber" under RSA chapter 79 is not defined in the statute, nor is it clear on its face. *See Brown v. Rye*, 101 N.H. 92, 94, 133 A.2d 499, 501 (1957). Consequently, the question of whether Christmas trees are included under the statutory definition of wood and timber under RSA chapter 79 is one of first impression.

■■ When construing an ambiguous statute, this court looks to both the legislative intent and the objectives of the legislation. *Kinchla v. Baumner*, 114 N.H. 818, 820, 330 A.2d 112, 113 (1974). We have also held that the reports of commissions established to prepare or recommend statutory revisions can prove valuable aids in construing a statute. *Corson v. Brown Products, Inc.*, 119 N.H. at 23, 397 A.2d at 642.

■ In 1954, the legislature established a committee to investigate the operation of forest conservation and taxation laws including RSA chapter 79. The committee concluded that the principle of the severance tax was basically a sound method of promoting timber growth and encouraging conservation. *Timber Tax Study Committee, Report to the 1955 Session of the General Court* at 1, 5–7 (1954). The report stated:

> "The basic conservation feature of the law is the encouragement given to holding timber to maturity and to better forest management generally. The encouragement results from reducing risks of excessive tax burdens on

> the forest owner and from deferring a substantial part of the tax to the time when the timber is cut and can be accurately measured and appraised."

*Id.* at 1. Given this legislative objective, it is unlikely that the legislature intended that the systematic cutting of immature trees be exempt from the property tax under RSA chapter 79. Christmas trees grown by the plaintiff are not mature trees. It is not disputed that they are grown for no more than ten years. *Cf. Marshall v. Georgia Power Co.*, 134 Ga. App. 479, 480, 214 S.E.2d 728, 730 (1975). (Christmas trees not within definition of timber because under Georgia law "timber" technically is known as green wood of twenty or more years in age).

■ Additionally, this court has held that at common law when the term "timber" is applied to standing trees it means that such trees are suitable for use in the erection of buildings or in the manufacture of tools, utensils, or furniture. *Lord v. Meader*, 73 N.H. 185, 187, 60 A. 434, 435 (1905). Christmas trees are not used for any of these purposes. Moreover, under RSA 79:1, III (Supp. 1981), the term "stumpage value" refers to the prices for cordwood and pulpwood, firewood and logs, and Christmas trees are not sold for any of these purposes.

■ For the foregoing reasons, we hold that Christmas trees are not within the statutory definition of timber and therefore not subject to the yield tax under RSA chapter 79. Because the growing of Christmas trees is a use of the land analogous to the growing of a crop, this use should be considered as relevant to the value of the real estate for property taxation purposes. 84 C.J.S. *Taxation* § 411, at 806 (1954). Accordingly, we hold that the trial court was correct when it granted summary judgment in favor of the plaintiff.

*Affirmed.*

All concurred.