Hillsborough
No. 90-307

AETNA LIFE & CASUALTY COMPANY

v.

JOHN MARTIN, SR., ADMINISTRATOR OF THE
ESTATE OF LEONARD P. MARTIN

March 27, 1991

*Sulloway Hollis & Soden*, of Concord (*Margaret H. Nelson* on the brief and orally), for the plaintiff.

*James M. Winston*, of Manchester, by brief and orally, for the defendant.

JOHNSON, J.    The plaintiff, Aetna Life & Casualty Company (Aetna), appeals the Superior Court's (*Barry*, J.) decision to grant the motion of the defendant, John Martin, Sr. (Martin), to dismiss Aetna's bill in equity and petition for injunction. We reverse and remand.

This case arises from a 1982 automobile accident, in which Leonard P. Martin was killed. The accident was allegedly caused by an underinsured motorist, Thomas Halleck. In January 1985, the defendant made a request for arbitration to the American Arbitration Association (AAA) claiming uninsured/underinsured motorist (UM) coverage by four insurance companies, including Aetna. Aetna initially took the position that arbitration proceedings should not be commenced until the defendant had resolved his pending claims against Halleck. However, in December 1985, Aetna learned that part of the defendant's claim against Halleck was settled without Aetna's prior authorization. Maintaining that such action constituted a breach of contract, Aetna informed AAA in February 1986 that it no longer considered the defendant entitled to UM benefits under its policy. The arbitration hearings were held in abeyance, apparently due to extensive litigation in the superior court involving coverage by one of the other four insurance companies, *see Peerless Ins. Co. v. Martin*, Hillsborough No. 86-E-517.

In December 1987, AAA notified Aetna that it planned to schedule an arbitration prehearing conference concerning the defendant's claim for UM benefits from Aetna. Aetna responded in January 1988 by filing a petition in the superior court entitled "Bill in Equity and Petition for Injunction." Arguing that the Aetna-Martin insurance

policy provides for arbitration of only two issues, tort liability and tort damages, Aetna maintained that the question of breach of contract presented by the defendant's allegedly unauthorized settlement is not arbitrable. Consequently, Aetna requested an injunction to prevent the defendant from continuing his attempts to resolve the question of UM coverage through arbitration.

In May 1988, the defendant answered Aetna's petition with general denials of Aetna's allegations; and this was followed, in January 1990, by a motion to dismiss. He argued in that motion that Aetna's petition was not really a bill in equity at all, but was instead a petition for declaratory judgment. As such, the defendant argued, the petition was time-barred because it was filed more than six months after the defendant's original demand for arbitration. *See* RSA 491:22. During a hearing on this motion, the defendant apparently raised for the first time the issue of which forum, the superior court or the arbitration tribunal, has the authority to decide whether an issue is arbitrable. Following the hearing, the superior court granted the defendant's motion to dismiss, the entire order reading: "The question of arbitrability is in the first instance a question for the arbitrator."

Aetna filed a motion for reconsideration, arguing *inter alia* that the defendant had waived the right to dispute the superior court's authority to determine arbitrability, because he had submitted himself to the jurisdiction of the superior court on this issue without objection until the hearing on the motion to dismiss. Aetna's motion for reconsideration was denied without comment.

On appeal, Aetna argues that the superior court, and not the AAA, has jurisdiction to determine the arbitrability of the breach of contract issue. Moreover, Aetna repeats its argument that the defendant waived the right to dispute the superior court's authority to determine arbitrability. Finally, Aetna maintains that we should not find a valid, alternative ground for the superior court's decision in the defendant's argument that Aetna's bill in equity is actually a time-barred petition for declaratory judgment. The defendant, on the other hand, argues that (1) the superior court correctly decided that the arbitrator has authority to determine arbitrability; (2) Aetna's waiver argument was not properly raised below; and (3) Aetna's bill in equity was in fact a time-barred petition for declaratory judgment.

■■ We hold that the superior court was in error in ruling that the arbitrator, and not the court, has the authority to determine arbi-

trability of an issue. "'[T]he jurisdiction of arbitrators over the parties and the subject matter depends entirely upon the voluntary agreement of the parties.'" *Parker v. Amica Mut. Ins., Co.*, 118 N.H. 870, 873, 395 A.2d 507, 510 (1978) (citation omitted). It follows that "a contractual provision creating a right to arbitration remains subject to the traditional principles of contract law, and its interpretation and construction is therefore a question of law for the court." *Demers Nursing Home, Inc. v. R.C. Foss & Son, Inc.*, 122 N.H. 757, 760, 449 A.2d 1231, 1232 (1982). Consequently, "[t]he court [, and not the arbitrator,] has jurisdiction to determine whether the dispute is arbitrable." *Brampton Woolen Co. v. Local Union*, 95 N.H. 255, 256, 61 A.2d 796, 797 (1948). Because of our determination of the above issue, we need not address the second, waiver issue.

The third issue presented is whether the superior court could properly have granted the defendant's motion to dismiss on another ground; namely, on the ground that Aetna's bill in equity and petition for injunction was actually a time-barred petition for declaratory judgment. *See* RSA 491:22. We reject this argument.

■ RSA 491:22 describes the declaratory judgment action as follows: "Any person claiming a present legal equitable right or title may maintain a petition against any person claiming adversely to such right or title to determine the question as between the parties . . . ." Aetna's bill in equity was *not* a disguised declaratory judgment petition. Aetna was not asking the superior court to determine the issue of breach of contract; rather, it claimed that issue was not arbitrable, and consequently asked the court to enjoin arbitration proceedings. Aetna properly pled its action as a bill in equity and petition for injunction. *See Brampton Woolen Co. v. Local Union, supra* at 756–57, 61 A.2d at 796–97 (party properly requested (1) injunction to prevent union from proceeding with arbitration of allegedly non-arbitrable disputes and (2) determination that dispute is non-arbitrable).

We reverse the superior court's ruling and remand for a determination by the court of the contract dispute's arbitrability.

*Reversed and remanded.*

All concurred.