Hillsborough, June 28, 1949. } No. 3835.

Harold B. Wellman *v.* Wm. H. Riley, *Comm'r of Labor.*

*Guertin & Leahy, J. Russell Widener* and *Richard M. Ryan* (*Mr. Ryan* orally), for the plaintiff.

*F. Maurice LaForce* (by brief and orally), for the defendant.

DUNCAN, J. The issue to be determined upon the agreed facts is whether an employee who receives a vacation with pay during a lay-off is entitled to unemployment compensation for the vacation period. Section 2 B (1) of the Unemployment Compensation Act (R. L., *c.* 218, as amended) provides that "each eligible individual who is totally unemployed in any week shall be paid with respect to such week benefits" specified in the section, which vary according to the individual's total earnings for the calendar year preceding the "benefit year" from April to April.

"Total unemployment" is defined by section 1 N: "An individual shall be deemed 'totally unemployed' in any week with respect to which no wages are payable to him and during which he performs no services." "Wages," according to section 1 P, "means every form of remuneration for personal services paid or payable . . . including salaries, commissions, bonuses. . . . " It is thus apparent that if wages were payable to the plaintiff with respect to the week ending July 5, or if he performed services during that week, he was not "totally unemployed."

The plaintiff makes no serious claim that the vacation pay which he received was not wages within the definition of the act; but he asserts that his right to benefits is determinable according to the definitions of "total unemployment" found in subsection D of section 3 relating to "benefit eligibility conditions." By this definition, "an individual shall be deemed totally unemployed in any week in which he earns no wages in excess of three dollars"; and the plaintiff says that he did not "earn" his vacation pay in the week in question.

The argument overlooks the express provision that the definition thus relied upon is "for the purposes of this subsection," and that the subsection pertains solely to the required waiting period of one week of total unemployment (as thus defined) which must precede the benefit week if the employee is to be an "eligible individual." In view of its limited application, the definition cannot be held controlling of the question of what constitutes total unemployment for the following week for which benefits are claimed under section 2 B.

There is no question raised but what the plaintiff is "eligible" under the provisions of section 3. What must be determined is

whether he was totally unemployed in the week ending July 5, so as to be entitled to benefits under section 2 B (1). For purposes of that section the definition of section 1 N controls.

The plaintiff argues that no wages were payable to him with respect to the week of July 5; that he performed no services during it; and that his vacation pay was earned during his prior employment for longer than the three month period required by the union contract to entitle him to vacation pay. However well the argument might be thought to describe the rationale supporting a bonus paid in lieu of vacation (Cf. *Appeal of Joseph Lemieux*, No. 220-A-47, N. H. U. C. Div., Sept. 12, 1947; *In re Claim of Jos. E. Wellman & a*, Nos. 612-614, 619, Vt. U. C. Com., April 6, 1948), it is inapplicable to the agreed facts of this case, and cannot be adopted. The payment to the plaintiff was carried on the employer's books as wages for the particular week, and was so identified through the posted notice and designation on the check. It falls within the statutory definition of wages (*s.* 1 P. *supra*) and as was held in *Brampton Woolen Co. v. Local Union, ante*, 255, 257, would be considered by ordinary intendment to be pay or wages.

It follows that wages as defined by the act were payable and paid to the plaintiff with respect to the week in question, and that he fails to qualify himself as "totally unemployed" as required by the act. The conjunctive requirement of the definition, "any week . . . during which he performs no services," need receive no consideration. In order to be deemed unemployed, the plaintiff must bring himself within both clauses of the definition. Having failed as to one, it becomes immaterial whether he could succeed as to the other.

The denial of compensation under the circumstances disclosed accords with what is understood to have been the general intent of the Legislature in enacting the legislation. Not every case of unemployment entitles an unemployed person to benefits. The purpose of the act is to insure in limited measure against unemployment of individuals regularly attached to the labor market which is not occasioned with their consent or by their fault. See Burns, Unemployment Compensation, 55 Yale L. J. 1, 3; *Hewett v. Riley*, 94 N. H. 460. The payment of compensation for a period of vacation with pay is not within the scope of this purpose. The conclusion reached has the support of authorities elsewhere, both in the few courts where the question has been considered, and in the administrative tribunals where it has more frequently arisen. See *Moen v. Director of Division of Employment Security*, (Mass.), 85 N. E. (2d) 779; *Mattey v. Unem-*

*ployment Compensation Board of Review,* 164 Pa. Super. 36; *In re Buffelen Lumber & Mfg. Co.* (Wash.), 201 P. (2d) 194; *Hamlin* v. *Coolerator Co.* (Minn.), 35 N. W. (2d) 616; 13164-Ohio R, U. C. I. S. (Ben. Ser.) Vol. 12, No. 2; *Baker* v. *Kroehler Mfg. Co.*, 46-RD-5763, Ill., Oct. 11, 1946. Compare 12398-Vt. A, U. C. I. S. (Ben. Ser.), Vol. 11, No. 4 (*aff. sub nom. In re Claim of Jos. E. Wellman, & a.* Nos. 612-614, 619, Vt. U. C. Com., *supra*) with 12399-Vt. A, U. C. I. S. (Ben Ser.), Vol. 11, No. 4.

*Appeal dismissed.*

All concurred.