[Civ. No. 15686. First Dist., Div. Two. Mar. 23, 1954.]

ROBERT SHAND, Petitioner and Appellant, v. CALI-
FORNIA EMPLOYMENT STABILIZATION COM-
MISSION et al., Respondents and Appellants.

[Civ. No. 15687. First Dist., Div. Two. Mar. 23, 1954.]

JANICE McIVER, Petitioner and Appellant, v. CALI-
FORNIA EMPLOYMENT STABILIZATION COM-
MISSION et al., Respondents and Appellants.

Herbert Pothier, Marcel E. Cerf and Robinson & Leland for Petitioners and Appellants.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, William L. Shaw and Vincent P. Lafferty, Deputy Attorneys General, McEnerny & Jacobs, Garrett McEnerny II, E. John Kleines and Elster S. Haile for Respondents and Appellants.

NOURSE, P. J.—These are appeals from judgments ordering issuance of peremptory writs of mandate in proceedings to review final administrative decisions of the California Unemployment Insurance Appeals Board, herein further called the Board, denying the petitions of Robert Shand for payment of unemployment benefits and of Janice McIver for payment of disability benefits. Both petitioners, employees of the Oakland Post-Inquirer, a newspaper operated by Hearst Publishing Company, Inc., were discharged when that newspaper closed on September 1, 1950. Pursuant to a collective bargaining agreement each received a lump sum payment comprising two weeks' pay in lieu of notice, a number of weeks' dismissal pay and a number of days' vacation pay. The question presented in each case was in how far the payments received rendered the employees ineligible for the benefits they claimed. It was conceded that the two weeks in lieu of notice payment had that effect for the period from September 1 to September 15, 1950. The Board decided that also the payments for dismissal pay and vacation pay rendered the claimants not unemployed during a further period corresponding with the number of weeks and days for which they received such pay. In the mandamus proceedings the superior court held this to be correct as to the vacation pay, but incorrect as to the dismissal pay. Hearst Publishing Company and the administrative bodies and officials made respondents appealed from the judgments insofar as concerned with dismissal pay, the petitioners from the judgments insofar as concerned with vacation pay. The Shand and McIver cases were consolidated for purposes of appeal. The appeals as to the dismissal pay

were dismissed at the request of all appellants concerned. The appeals now before the court relate to the vacation pay only.

■ The decision of the superior court in this respect is correct. At the time it was given the question was of first impression in California, but since then it has been decided in the same manner in *Jones* v. *California Emp. Stab. Com.*, 120 Cal.App.2d 770 [262 P.2d 91]. Section 9.2 of the California Unemployment Insurance Act (3 Deering's Gen. Laws, Act 8780d) provides that "An individual shall be deemed 'unemployed' in any week during which he performed no services and *with respect to which* no wages are payable to him. . . ." (Emphasis ours.) No services were to be performed by the claimants after their dismissal. The decisive question was whether the vacation pay was wages payable to them *with respect* to the time after the dismissal.

We adopt as to this point the following part of the extensive opinion written by the trial judge: "The employee is entitled under the agreement [§ 18 of the collective bargaining agreement] to a 'vacation with pay.' If the employer has not given the vacation for the year in question, he cannot deprive the employee of the right thereto by discharging him. The employer has the option of continuing the employee on the payroll for the necessary vacation period before paying him off and discharging him or of doing what is in effect the same thing, i.e., discharging him and at the same time paying him then and there in cash for the vacation period.

"In the latter case, the employee remains, not actually but constructively, on the payroll for the vacation period following discharge. The vacation pay is clearly 'with respect to' that period and the employee remains ineligible for unemployment benefits. For an example of what is meant by an employee remaining constructively in the employer-employee relationship, see *Social Security Board* v. *Nierotko*, 327 U.S. 538 [66 S.Ct. 637, 90 L.Ed. 718, 162 A.L.R. 1445]:

"The vacation pay situation is similar to the in-lieu-of-notice pay situation, where the employer, instead of actually keeping the employee in his service pending the necessary notice period, exercises the option of discharging him and paying him off then and there in cash for the equivalent period.

"Petitioner concedes that the in-lieu-of-notice payment is 'with respect to' the equivalent notice period after discharge and that the employee remains ineligible for unemployment benefits during that period. There is, however, no difference in principle between the in-lieu-of-notice pay and the vacation pay.

"In both cases the purpose and the intent of the parties is clear and the courts of [read "have"], accordingly, held that vacation pay rendered the employee ineligible for unemployment benefits during the vacation period after discharge. (See: *Kelly* v. *Administrator Unemp. Com. Act* (1950), 136 Conn. 482 [72 A.2d 54]; *Matty, Unemp. Comp. Case, Board of Review*, 164 Pa.Super. 36 [63 A.2d 429]; *Moen* v. *Director of Div. of Emp. Security*, 324 Mass. 246 [85 N.E.2d 779, 8 A.L.R.2d 429]; *Wellman* v. *Riley*, 95 N.H. 507 [67 A.2d 428].)"

▪ There is no merit in appellants' contention that the allocation of the vacation pay to a period following termination of employment is an unconstitutional impairment of the collective agreement because it takes from the employees the vacation pay to which the contract entitles them absolutely and substitutes it for unemployment compensation. There is no substitution. Appellants are not entitled to benefits during the period over which they receive vacation pay because in the sense of the statute they are then not unemployed but on vacation with pay. Although the right to vacation pay is earned by the employee's labor in a preceding period the vacation pay is not allocable to that period as the employee cannot at his choice take the pay during that period without taking vacation (Jones case, *supra*, 120 Cal.App.2d p. 773). The contract does not entitle the employees to a certain amount of extra pay independent of vacation, but only to "vacation with pay" and this right of theirs is in no way impaired. The "Benefit Decision" No. 6047 of the California Unemployment Insurance Appeals Board, In re Anderson and others, case No. 21593, dated July 10, 1953, on which appellants rely, is not in point. In that case the employees were according to their contract always entitled to a "bonus in lieu of vacation pay" without taking any vacation. It was therefore held that such payment was a bonus fully earned in and allocable to the period during which the employee worked for it.

There is no merit in appellants' contention that the decision that vacation pay excludes unemployment is legislation which the Legislature cannot delegate to an administrative agency or court. It is no more than construction of the statute and its application to a factual situation, the normal function of such agency or court.

Judgments affirmed.

Dooling, J., and Kaufman, J., concurred.