ALBAUGH ET, PLAINTIFFS-APPELLANTS, *v.* ALSCO, INC. ET, DEFENDANTS-APPELLEES.

Common Pleas Court, Tuscarawas County.

No. 35575. Decided December 27, 1961.

*Mr. Herschel Kriger* and *Mr. Richard B. Addis,* for plaintiffs-Appellants.

*Mr. Mark McElroy,* attorney general, and *Mr. William H. Allen,* assistant attorney general, for defendants-appellees.

LAMNECK, J. This action is an appeal by 138 employes of Alsco, Inc. of Gnadenhutten, Ohio, from a decision of the Board of Review of the Bureau of Unemployment Compensation in which each of them was denied the right to receive unemployment compensation benefits for the week ending December 17, 1960. All of the appellants were on layoff for some time prior to the week ending December 17, 1960 and were receiving unemployment compensation up to said week.

The appellants on December 1, 1960, were members of Local 4612, United Steel Workers of America. Under Article 23, Section 1 of the contract between the said Union and the Employer herein it is provided:

"2c will be accumulated for each hour worked by each employee in the bargaining unit during each calendar year, and paid to him as a Christmas bonus between December 1 and December 15. However, an employee who quits forfeits all rights to his Christmas bonus. Laid off personnel will be mailed their Christmas bonus."

The Employer herein paid the aforesaid Christmas bonus to each of the appellants on December 15, 1960.

When the Employer made the bonus payments, it protested the payment of unemployment benefits for the week during which said bonus was paid, claiming that the bonus was remuneration received *"with respect to"* that week. This protest was upheld by the Board of Review.

In the appellant's appeal from the Administrator's Decision on Reconsideration to the Board of Review, the following reasons were given as the basis for an appeal:—

"We feel the Board of Review's decision in this particular instance was unjust. We hold that any deduction made for this bonus payment should have been pro-rated to the week earned. This does not represent wages or earnings for the week paid."

The Board of Review based its findings on part of Section 4141.29, Revised Code, Section 4141.30, paragraph (C), Revised Code, and Regulation 200.3 of the Rules of the Board of Review.

That part of Section 4141.29, Revised Code, in effect on December 15, 1960, cited by the Board of Review reads as follows:

"Each eligible individual shall receive benefits as compensation for loss of remuneration due to total or involuntary partial unemployment in the amounts and subject to the conditions· stipulated in Sections 4141.01 and 4141.46, inclusive, Revised Code."

Sec. (c) of 4141.30, Revisel Code, as it read on December 15, 1960, reads as follows:

"Benefits are payable to each partially unemployed individual otherwise eligible on account of each week of involuntary partial unemployment after the specified waiting period in an amount equal to his weekly benefit amount less that part of the

remuneration payable to him with respect to such week which is in excess of two dollars increased to the next higher even multiple of one dollar.''

Regulation 200.3 of the Rules of the Board of Review, provides as follows:

''Bonuses, whether or not paid as the result of contractural obligations shall be reported as wages for the pay period in which such bonuses are paid.''

During the period in controversy, each of the appellants was an available employe, with seniority, pension rights, if any, and other rights as an employe.

Under Section 4141.01 (H), Revised Code, ''remuneration'' is defined as meaning ''all compensation for personal services, including . . . . bonuses. . . .'' Under this provision the Christmas bonus in this case must be considered as ''compensation for personal services.''

The court is of the opinion that Regulation 200.3 of the Board of Review is simply a Rule providing when bonuses must be reported as wages. A Christmas bonus as paid in the instant case could not be determined until December 1st, because resigned employes are not eligible, although discharged employes are. The full amount due each employe could not be ascertained until December 1st because it is based on 2 cents an hour for hours actually worked during the calendar year.

No part of the bonus paid to each appellant on December 15, 1960, was for work performed by such appellant during the week ending December 17, 1960.

Remuneration for a week must be for work done in that week. ''Week'' under Section 4141.01 (O), Revised Code, ''means the calendar week ending at midnight Saturday unless an equivalent week of seven consecutive days is prescribed by the administrator.''

Any other interpretation would lead to absurd results. If an employe worked for the week ending December 17, 1960, and was not paid for that week until one week later or on December 23, 1960, it would be absurd to say that within the meaning of Section 4141.30, Revised Code, such payment represented ''remuneration payable to him with respect to'' the week ending December 23, 1960.

Section 4141.01 (M), Revised Code, provides that "an individual is totally unemployed in any week during which he performs no services and with respect to such week no remuneration is payable to him."

All of the appellants, as previously stated, performed no work during the week ending December 17, 1960. The so-called Christmas bonus, being compensation under the law, was earned by each appellant at the rate of 2 cents per hour for each accumulated hour worked during the calendar year prior to December 1, 1960. It was not remuneration payable with respect to the week ending December 17, 1960, but for services performed for weeks prior to December 1, 1960.

Under Section 4141.46, Revised Code, the "Unemployment Compensation Law" must be liberally construed. See *Acierno v. General Fireproofing Co.*, 166 Ohio St., 538 at page 544, 144 N. E. (2d), 201.

Under a liberal construction of the various sections of the Revised Code cited herein in favor of a claimant, the court concludes that the decision of the Board of Review dated August 30, 1961, is unlawful, unreasonable and against the manifest weight of the evidence. It is therefore ordered that said decision be reversed and vacated, and that said appeal be sustained as it relates to the 138 appellants named in the order of the Board of Review dated August 30, 1961.

Exceptions noted.