Hillsborough
No. 6447

MARCELLE ARMSTRONG & a.

v.

BENJAMIN C. ADAMS, COMMISSIONER,
DEPARTMENT OF EMPLOYMENT SECURITY & a.

July 24, 1973

*Nixon, Christy & Tessier (Mr. Robert F. Christy* orally) for the plaintiffs.

*Edward F. Smith, Joseph Stewart and Andre J. Barbeau (Mr. Barbeau* orally) for the defendant Adams.

*Hamblett, Kerrigan, LaTourette & Lopez and Joseph C. Krolikowski (Mr. Krolikowski* orally) for the defendant Melville Shoe Corporation.

Lampron, J. Appeal to the superior court under RSA 282:5 G from a decision of the appeal tribunal of the department of employment security (RSA 282:5 C (Supp. 1972)) upholding the denial by a certifying officer of plaintiff's claim for unemployment compensation. It is agreed that the claims of other plaintiffs similarly situated will be governed by this decision. The matter was submitted on an agreed statement of facts to *Keller,* C.J. who reserved and transferred without ruling all questions of law.

The issue to be decided is whether a service payment made to the plaintiffs on December 24, 1969, in accordance with an agreement between the union, of which the plaintiffs were members, and their employer Melville is to be considered as wages with respect to the week ending January 3, 1970, during which the employer's plants were closed. The facts are not in dispute. Their significance, in the light of the agreement between the parties and of the statute, is the subject of this controversy.

Article VII, section 1, another part of the same agreement involved in *Armstrong v. Adams* (decided this day), reads in part as follows: "Each employee actively at work for the Company ... on each November 30 ... who as of that date shall have accumulated at least 12 years' total service ... shall in addition to such vacation pay as he may be entitled to ... receive a *service payment* in the amount of 2% of his total earnings in all the payroll weeks paid in the twelve month period ending on such November 30 (not less than $25.00) to be paid within the following December at a time determined by the Company." (Emphasis added.) The service payment in question was made to the workers on December 24, 1969, by a separate check bearing the week ending date of January 3, 1970, and was carried on Melville's records as wages paid with respect to that week.

The plaintiff worked the first three days of the work week ending December 27, 1969, and was paid wages of $43 for that work. She was also paid $16 holiday pay for Thursday, December 25, which is not a factor in the case. (RSA 282:1 M (3) (Supp. 1972)). She applied for unemployment compensation benefits for that week, was found to be partially unemployed (RSA 282:1 M (2)), and declared entitled to benefits of $13 under RSA 282:2 (Supp. 1972). She also applied for unemployment compensation benefits for the week ending January 3, 1970, during which the plant was closed. Her claim was denied on the ground that her wages for that week, the $81.72 service payment received on December 24, 1969, exceeded her maximum weekly benefit of $47 by more than twenty percent. RSA 282:1 M (3) (Supp. 1972).

The plaintiff agrees that the above service payment constitutes wages under the Act but maintains that it should be deemed to have been earned during the twelve month period preceding November 30, 1969. The defendants, on the other hand, claim that this payment of $81.72 was wages payable to her for or with respect to the work week ending January 2, 1970 (RSA 282:1 M (1) (2)), and rendered her ineligible for benefits as determined by the department.

RSA ch. 282 is designed to provide some economic assistance for a worker during periods of unemployment. A person's entitlement to benefits is determined solely by statutory criteria. It is not the intent nor the purpose of the program that a claimant who receives wages above a determined amount in a particular week should also be entitled to unemployment benefits. *Wellman v. Riley,* 95 N.H. 507, 67 A.2d 428 (1949); *Nashua Corp. v. Brown,* 99 N.H. 205, 108 A.2d 52 (1954). The rights of these plaintiffs are determined by the intent of the parties expressed in the agreement read in the light of the statute.

Article VII, section 1 of the contract contains the following specific conditions to be met by the employee in order to qualify for the service payment. The employee must (1) be actively at work or on a permitted leave of absence on November 30th, and (2) have then accumulated at least 12 years' total service including permitted leaves of absence. Meeting these requirements, the employee shall receive, in addition to such vacation pay as he may be entitled, "a service payment in the amount of 2% of his total earnings in all the payroll weeks paid in the twelve month period ending on such November 30 (not less than $25.00)."

The parties having agreed that this service payment constitutes wages under RSA ch. 282, it is in the same category as "salaries, commissions, bonuses" (RSA 282:1 O), workmen's compensation, payments in lieu of notice, sickness allowances, separation allowances, "payment of accrued leave or sums of whatever kind or nature" (RSA 282:1 M (3) (Supp. 1972)). For the purposes of determining total or partial employment such a service payment "shall be deemed to have been received in such week or weeks in which earned, or, if not clearly identifiable, then for such week or weeks as the commissioner may find such can be reasonably said to apply." *Id.*

The contract provides that this service payment is "to be paid within the following December at a time to be determined by the Company." Under these terms the employer could rightfully have made the payment on

December 29, 30, or 31, all within the work week ending January 3, 1970. The company chose instead to pay this service payment on December 24, 1969, by a separate check bearing the week ending date of January 3, 1970, and carried it on its books as wages paid with respect to that week. This court has previously decided that a vacation pay paid under a similar agreement and attributed by the employer to a week in which the employee performed no work did not entitle him to unemployment benefits. *Wellman v. Riley*, 95 N.H. 507, 67 A.2d 428 (1949). We hold that under the agreement in the present case, the department of employment security correctly ruled that the service payment made to these plaintiffs by the company on December 24, 1969, applied to the work week ending January 3, 1970. In the case of plaintiff Armstrong this payment was in excess of twenty percent of her maximum weekly benefit of $47 and she was not entitled to benefits. RSA 282:1 M (3) (Supp. 1972).

Plaintiffs rely on the case of *Albaugh v. Alsco, Inc.*, 179 N.E.2d 562 (Ohio Com. Pleas 1961). Under the terms of that agreement a bonus of two cents for each hour worked which was to be accumulated for the payment of a Christmas bonus between December 1 and December 15 could be considered as being earned at two cents per hour for each day worked during the year prior to December 1. Thus it was held not to be remuneration for services rendered during the week it was paid and did not affect eligibility for unemployment benefits for that week. We do not find that case to be controlling of the present case.

*Appeal dismissed.*

GRIFFITH, J., did not sit; the others concurred.