Coos
No. 79-436

JOSEPH L. SPRINGER & a.

v.

THE STATE OF NEW HAMPSHIRE
DEPARTMENT OF EMPLOYMENT SECURITY & a.

August 21, 1980

*New Hampshire Legal Assistance*, of Berlin (*John E. Tobin, Jr.*, orally), for the plaintiffs.

*William J. Deachman*, of Plymouth, and *Edward F. Smith*, of Penacook (*William J. Deachman* orally), for the New Hampshire Department of Employment Security.

GRIMES, C.J.  The issue in this case is whether the trial court erred in awarding unemployment benefits to plaintiffs who, though originally laid off for lack of work, subsequently took part in strike-related activities directed against their former employer. We affirm.

This action was originally brought by thirty-four former employees of the defendant Eltra Corporation, doing business as the Converse Rubber Company, Granite State Division (Converse), at a plant located in Berlin, New Hampshire. According to the agreed statement of facts, Converse laid off each of the plaintiffs due to lack of work between June 5 and July 6, 1978. After the New Hampshire Department of Employment Security (department) determined that all of the plaintiffs were eligible for unemployment compensation benefits, they began to receive them.

At the time these plaintiffs were laid off, there was a collective bargaining agreement in effect between Converse and the United Paperworkers International Union, Local #75 (union). By virtue of a union security provision contained therein, each of the plaintiffs had been required to join the union. By its terms, the agreement expired on July 1, 1978. Following a ten-day extension, on July 10, 1978, the union began a strike.

On August 1, 1978, the department determined that each of the plaintiffs was no longer entitled to benefits because there was an

on-going labor dispute at the Converse plant. The plaintiffs timely appealed to the department's appeal tribunal, *see* RSA 282:5 C(1), which, following a hearing, affirmed the disqualification. Thereafter, the plaintiffs appealed to the superior court. RSA 282:5 G. Without a hearing, but upon an agreed statement of facts and the certified record, the Trial Court (*Wyman*, J.) reversed the department, ruling that the plaintiffs had been laid off due to lack of work and through no fault of their own. The department appealed.

Subsequent to the docketing of this appeal, the department withdrew its appeal as to seven of the plaintiffs. It appears that none of the seven took part in any union activities prior to, or during the pendency of, the strike at the Converse plant. The agreed statement of facts, however, indicates that each of the other plaintiffs either attended the union meeting that resulted in the strike vote or took part in the picketing of the Converse facility. The department contends that such activity amounts to participation by these plaintiffs in a labor dispute, rendering them ineligible for benefits under the New Hampshire unemployment compensation law, RSA ch. 282. The department relies on RSA 282:4, which provides that:

"[a]n individual shall be disqualified for benefits:

. . .

F. For any week with respect to which the commissioner finds that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory . . . at which he is or was last employed, provided that this subsection shall not apply if it is shown to the satisfaction of the commissioner that . . . [h]e is not participating . . . in the labor dispute which caused the stoppage of work . . . ."

The trial court ruled, however, that RSA 282:4 F was inapplicable to a claimant who had first been laid off due to lack of work, particularly in the absence of any evidence that during the labor dispute he was notified of the renewal of work opportunities. We agree with the trial court's interpretation of RSA 282:4 F.

"The underlying purpose of the unemployment compensation statute is 'to insure in limited measure against unemployment of individuals regularly attached to the labor market which is not occasioned with their consent or by their

fault.' " *Harkeem v. N.H. Dep't of Empl. Sec.*, 115 N.H. 658, 661, 348 A.2d 711, 713 (1975) *quoting Wellman v. Riley*, 95 N.H. 507, 510, 67 A.2d 428, 429 (1949). With that goal in mind, we have interpreted RSA 282:4 F as applying only to individuals whose unemployment is caused by a labor dispute. *McIntire v. State*, 116 N.H. 361, 364, 359 A.2d 619, 621 (1976); 81 C.J.S. *Social Security & Public Welfare* § 244 (1977). The State concedes that all of the plaintiffs' unemployment was caused by a lack of work at the Converse facility. No evidence was offered to show that during the strike, or thereafter, Converse could have utilized their services. Indeed, the department reinstated the plaintiffs' benefits immediately following the termination of the strike, thus tacitly recognizing that the real cause of their unemployment remained the unavailability of work at the Converse plant.

We further note that the trial court's resolution of this issue accords with the weight of authority. *See* 81 C.J.S. *Social Security and Public Welfare* § 247 (1977) and cases cited therein. We hold that absent evidence of the availability of work, communicated to the plaintiffs, and of their refusal thereof, the cause of their unemployment remains a lack of work. In the circumstances of this case, the trial court correctly ruled that the plaintiffs' subsequent participation in strike-related activities was irrelevant.

The department lastly urges that we find that the picketing of the plant by certain of the plaintiffs constitutes *prima facie* evidence that they were not available for work, as required by RSA 282:3 D (Supp. 1979). *See, e.g., Philbrook v. Adams*, 119 N.H. 298, 401 A.2d 1070 (1979); *St. Germain v. Adams*, 117 N.H. 659, 377 A.2d 620 (1977). As we observed in *Philbrook*, however, "[i]t is well established that to be 'ready, willing and able' to accept suitable work does not demand total availability." 119 N.H. at 301, 401 A.2d at 1072, *quoting St. Germain v. Adams, supra* at 662, 377 A.2d at 622-23. None of these plaintiffs was shown to have taken part in picketing for more than four hours per week. We do not see how evidence of such activities alone can raise a presumption of nonavailability. Accordingly, on the facts of this case we will not disturb the ruling of the trial court.

*Affirmed.*

All concurred.