Department of Employment Security
No. 82-272

## APPEAL OF PATRICK BOUDREAULT
## (New Hampshire Department of Employment Security)

May 9, 1983

*Gregory H. Smith,* attorney general (*Daniel J. Mullen,* attorney, on the brief and orally), for the State.

*Bruckner P.A.*, of Woodsville (*Gregory M. Sorg* on the brief and orally), for Patrick Boudreault.

BOIS, J.    Patrick Boudreault appeals a decision of the department of employment security finding him liable for contributions to the unemployment compensation fund. We affirm.

Mr. Boudreault is a logging contractor and uses several men to assist him in cutting, skidding, and loading logs. Because these jobs involve various specialized skills, he claims that the individuals who assist him are independent contractors, for whom he is not required to make payments to the unemployment compensation fund. *See generally* RSA 282-A:9, III, :69 (Supp. 1981).

■■ The purpose of our unemployment compensation statute, RSA ch. 282-A, is to prevent the spread of unemployment and to lighten the burden on those workers who are involuntarily unemployed through no fault of their own. Laws 1981, 408:2; *see Springer v. Dep't of Employ. Sec.*, 120 N.H. 520, 522–23, 418 A.2d 1277, 1278 (1980). By defining "employment" broadly, the statute provides coverage for a large number of workers. *See* RSA 282-A:9, I, III (Supp. 1981). In addition, it places the burden upon the employer to show that his workers are exempt from coverage. RSA 282-A:9, III (Supp. 1981). Although Mr. Boudreault claims that the placement of the burden of proof upon employers constitutes a denial of due process, we find that the allocation of the evidentiary burden is rationally related to the broad statutory goal of providing assistance to workers. The statute thus passes constitutional muster. *See generally State v. Lambert*, 119 N.H. 881, 884, 409 A.2d 794, 796 (1979).

In order to avoid liability for contributions to the unemployment compensation fund, an employer must satisfy the following three standards:

> "(a) [the individual performing services for him] has been and will continue to be free from the control or direction over the performance of such services, both under [the individual's] contract of services and in fact; and
>
> (b) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
>
> (c) Such individual is customarily engaged in an independently established trade, occupation, profession, or business."

RSA 282-A:9, III (Supp. 1981). The department of employment

security found that Mr. Boudreault did not satisfy these requirements.

In reviewing the department's decision, this court will not substitute its judgment for that of the appeal tribunal as to the weight of the evidence on questions of fact. RSA 282-A:67, IV (Supp. 1981). We must uphold the department's decision unless its findings or conclusions were unauthorized, affected by an error of law, or clearly erroneous in view of all the evidence presented. *Id.; see Appeal of Miller*, 122 N.H. 993, 994, 453 A.2d 1269, 1271 (1982). The record shows that Mr. Boudreault solicited and arranged all lumbering contracts with the client landowners. As the general supervisor at the job site, he decided when and where the work was to be done, and had full power to hire and fire workers. Furthermore, he provided the major piece of equipment used on the job and paid all his workers by the hour on a weekly basis, thereby eliminating any risk of loss involved in their work.

This evidence supported the department's findings that Mr. Boudreault controlled the performance of his workers and that those individuals were not customarily engaged in an independent trade. The department thus correctly concluded that Mr. Boudreault was liable for contributions to the unemployment compensation fund pursuant to RSA 282-A:9, III (Supp. 1981).

*Affirmed.*

All concurred.