Department of Employment Security
No. 85-021

APPEAL OF LAKES REGION COMMUNITY SERVICES COUNCIL
(New Hampshire Department of Employment Security)

October 30, 1985

*Wescott, Millham & Dyer*, of Laconia (*Susan B. Carbon* on the brief and orally), for Lakes Region Community Services Council.

*Stephen E. Merrill*, attorney general (*Daniel J. Mullen*, assistant attorney general, on the brief and orally), for the State.

MEMORANDUM OPINION

This is an appeal from a determination by the department of employment security (DES), which ruled that the appellant had failed to demonstrate that it was not the employer of respite care providers. *See* RSA 282-A:9, III (Supp. 1983). We hold that the ruling prejudiced the appellant's substantial rights because it rested on conclusions of fact that are clearly erroneous in view of the evidentiary record. *See* RSA 282-A:97 (Supp. 1983) and :67, IV (Supp. 1983).

Services for wages are "employment" under RSA 282-A:9, I (Supp. 1983), unless the employing unit establishes that it does not control or direct the services performed by the wage recipient, RSA 282-A:9, III(a) (Supp. 1983), that the service is outside the usual course of the unit's business or performed outside all of its places of business, *id.* at (b), and that the recipient is customarily engaged in an independently established occupation, *id.* at (c). On the evidence, DES could not reasonably have found that the appellant had failed to satisfy each condition.

Evidence indicated that the appellant maintains a roster of individuals who will provide temporary care for disabled persons, thus giving their normal custodians a short respite from responsibility. The appellant gives a respite provider only brief training, and thereafter matches providers with applicants for help. Providers keep a log of time spent at recipients' houses or elsewhere, and send the appellant a bill for services at an hourly rate. The appellant verifies with the regular custodian that the services were provided and asks the custodian to make an evaluation of the services, for consideration in making or declining to make future linkages of applicants with the provider in question. Recipients pay for services to the extent they are able, but most of the compensation comes from a budget provided by the State Department of Health and Human Services. Except as noted, the appellant does not attempt to monitor the provision of services or instruct providers what to do.

The only reasonable conclusions from this evidence are that the respite care providers are free from control or supervision by the appellant and that all of their services are performed outside the appellant's place of business. The evidence indicated that respite care has recently been devised in order to promote care for the disabled at home rather than in institutions. Respite care providers thus engage in an occupation not previously practiced by institutions or businesses, and therefore engage in an independently established occupation.

Since these conclusions entitle the appellant to a finding that services performed by respite care workers are not employment within

the meaning of the statute, RSA 282-A:9, III(a) to (c) (Supp. 1983), the contrary finding by DES must be reversed.

*Reversed.*