Department of Employment Security
No. 88-106

## Appeal of Work-a-Day of Nashua, Inc.
### (New Hampshire Department of Employment Security)

October 9, 1989

*Wiggin & Nourie*, of Manchester (*Diane M. Smith* on the brief, and *Stephanie A. Bray* orally), for Work-a-Day of Nashua, Inc.

*Stephen E. Merrill*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

Thayer, J. This is an appeal by Work-a-Day of Nashua, Inc. (Work-a-Day) from a decision of the New Hampshire Department of Employment Security (DES) denying Work-a-Day's appeal from an assessment for unpaid unemployment compensation taxes, fees,

and interest. Work-a-Day asserts that the decision by the DES violates RSA 282-A:9 and is erroneous in view of the record. For the reasons that follow, we affirm the decision of the DES.

Work-a-Day is in the business of placing temporary unskilled workers with various firms. The workers usually perform heavy labor in warehouses and factories. The workers come to Work-a-Day in the mornings, obtain a time slip, and are transported to their appointed job sites. Once at the job, the workers give their time slips to the supervisor, who instructs them as to their jobs. At the end of the day, the supervisor completes the time slips and returns them to the workers. When the workers return to Work-a-Day, they hand in their time slips and are paid for the work they performed that day. Work-a-Day then bills its clients for the number of hours the laborers worked, plus a commission for placing the workers. Work-a-Day advertises its service of placing temporary workers in a brochure which Work-a-Day mails to various companies in the State. In the brochure, Work-a-Day assures its prospective client-companies that it will take care of up to 90% of the bookkeeping, and that the clients will never have to worry about paying workers' compensation or health insurance, or deducting social security from the workers' wages, if the clients take advantage of Work-a-Day's placement service.

Under the unemployment compensation statute, RSA chapter 282-A, employers are obligated to contribute each calendar year a percentage of the amount of wages paid to employees to the DES commissioner, which is added to the unemployment compensation fund. RSA 282-A:69, I. Work-a-Day had not been paying unemployment compensation contributions for these temporary workers, and it received a tax assessment of $17,766.10 from the DES on April 28, 1987. On May 12, 1987, Work-a-Day appealed this assessment, and a hearing was held before the DES Administrative Hearing Committee on November 4, 1987. From the evidence presented at that hearing, the DES concluded that for purposes of RSA 282-A:9, the workers are employed at Work-a-Day and that Work-a-Day is required to prepare, file, and pay amended tax reports. Work-a-Day filed a motion to reconsider, which was denied on February 17, 1988. From that decision, it appeals to this court pursuant to RSA 282-A:97, RSA 282-A:67 (Supp. 1988), RSA 541:6, and Supreme Court Rule 10.

Before this court, Work-a-Day argues that it does not "employ" the workers at issue and, therefore, is not required to make unemployment compensation contributions. Work-a-Day further

asserts that the findings of the DES are clearly erroneous in view of the evidence in the record.

We first note that in reviewing the decisions of the DES, we will not substitute our judgment for that of the DES regarding the weight of evidence on questions of fact. *Appeal of Boudreault*, 123 N.H. 332, 334, 461 A.2d 121, 122 (1983); RSA 282-A:67, V (Supp. 1988). Furthermore, we will "uphold the department's decision unless its findings or conclusions were unauthorized, affected by an error of law, or clearly erroneous in view of all the evidence presented." *Boudreault*, 123 N.H. at 334, 461 A.2d at 122–23; *see* RSA 282-A:67, V (Supp. 1988).

According to the unemployment compensation statute, "[s]ervices performed by an individual for wages shall be deemed to be employment subject to this chapter," unless the employing unit demonstrates that three requirements are satisfied. RSA 282-A:9, III. These three requirements are that:

"(a) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

"(b) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

"(c) Such individual is customarily engaged in an independently established trade, occupation, profession, or business."

RSA 282-A:9, III. The burden is on the employing unit to satisfy the DES commissioner that all three requirements are met, *Boudreault*, 123 N.H. at 333, 461 A.2d at 122, and if the employing unit fails to establish any of these three requirements, it is deemed to employ the worker for purposes of RSA chapter 282-A. *See* RSA 282-A:9, III.

In the decision by the Administrative Hearing Committee, the DES found that Work-a-Day did not satisfy any one of the three requirements. In particular, the DES found that RSA 282-A:9, III(c) was not satisfied because "[t]he individual workers furnished by Work-a-Day are unskilled. They do not work in an independently-established trade, occupation, profession, or business. They are paid by the hour by Work-a-Day."

Work-a-Day argues that this finding is erroneous. It asserts that the workers clearly engage in a trade independent from Work-a-Day's business since they perform heavy labor for construction and manufacturing industries, whereas Work-a-Day engages in an essentially clerical enterprise. Furthermore, Work-a-Day argues that because the work is unskilled, the workers' employment would survive any termination of the relationship with Work-a-Day.

■ We hold that the finding by the DES that Work-a-Day failed to establish that its workers met the requirement of RSA 282-A:9, III(c) was not erroneous in view of the record; therefore, we affirm the decision. Initially, we note that one of the main purposes of the unemployment compensation statute is "to provide some measure of relief against involuntary unemployment." *Appeal of Borichevsky*, 126 N.H. 461, 462, 494 A.2d 772, 773 (1985) (quoting *Nashua Corp. v. Brown*, 99 N.H. 205, 206, 108 A.2d 52, 57 (1954)); *see* Laws 1981, 408:2. This court has previously examined the independently established trade requirement of RSA 282-A:9, III(c) in *Weiss-Lawrence Co. v. Riley*, 100 N.H. 41, 118 A.2d 731 (1955). A review of that opinion indicates that the purpose underlying this requirement is to insure that workers will survive the termination of their employment relationships when such termination results through no fault of their own. *Id.* at 44, 118 A.2d at 733 (citing *Wellman v. Riley*, 95 N.H. 507, 510, 67 A.2d 428, 429 (1949)).

Work-a-Day's argument that its workers perform work independent from that of Work-a-Day is misplaced. Whether or not the workers placed by Work-a-Day perform services separate from those performed by Work-a-Day is unrelated to whether or not the temporary workers are engaged in an independently established trade or occupation.

No evidence was offered by Work-a-Day to demonstrate that its workers perform work which is "'independently ... established' so that it could or would have continued had [Work-a-Day] withdrawn its work from the individuals concerned." *Weiss-Lawrence Co.*, 100 N.H. at 45, 118 A.2d at 734. Work-a-Day introduced no evidence to prove, for example, that its workers had any clientele or good will independent of Work-a-Day, independent investments in their enterprises, or a separate place of business, or that they advertised their skills, all of which are indicia of independently established businesses. Moreover, Work-a-Day failed to show that its workers were prepared to do similar work for other employers, should Work-a-Day terminate their employment. *Id.* Because no evidence was offered, it is a matter of mere speculation whether the workers' employment could survive the termination of their relationship

with Work-a-Day. *See id.* Therefore, Work-a-Day did not meet its burden of demonstrating that the workers engaged in an independently established trade, occupation, profession, or business to such an extent that they would not become unemployed upon the termination of their relationship with Work-a-Day.

Work-a-Day directs our attention to this court's opinion in *Appeal of Lakes Region Commun. Servs. Council*, 127 N.H. 386, 499 A.2d 1352 (1985). In that opinion, we held that respite care providers were engaged in an independently established occupation. The facts in the case before us are clearly distinguishable, however, because the services provided by the workers at issue are not commonly performed by employees in established trades, occupations, and businesses. Therefore, our holding in *Appeal of Lakes Region* does not control our disposition of this case.

█ Accordingly, based upon a review of the record, we hold that Work-a-Day has failed to meet its burden of demonstrating exemption under RSA 282-A:9, III, or that the findings by the DES were unauthorized or erroneous in view of the evidence presented, and affirm the ruling of the DES. Because Work-a-Day has failed to demonstrate that it meets the test of subparagraph III(c), we need not consider whether it satisfied the two remaining requirements set forth in RSA 282-A:9, III(a) and (b). *See Weiss-Lawrence Co.*, 100 N.H. at 45–46, 118 A.2d at 734.

*Affirmed.*

All concurred.