Department of Employment Security
No. 98-564

APPEAL OF JOHN HANCOCK DISTRIBUTORS, INC.

(New Hampshire Department of Employment Security)

March 13, 2001

*Wadleigh, Starr & Peters,* of Manchester (*Richard Thorner* and *Jennifer L. Murphy* on the brief, and *Ms. Murphy* orally), for the petitioner.

*Philip T. McLaughlin,* attorney general (*Daniel J. Mullen,* senior assistant attorney general, on the brief, and *Philip B. Bradley,* assistant attorney general, orally), for the State.

BRODERICK, J. This is an appeal from a New Hampshire Department of Employment Security (DES) decision that the petitioner, John Hancock Distributors, Inc. (Distributors), was a New Hampshire employer subject to the Federal Unemployment Tax Act. We affirm.

The record supports the following facts. Distributors, headquartered in Massachusetts, is engaged in the business of selling registered securities, including mutual funds, unit investment trusts, limited partnerships, general securities and similar investment opportunities. To carry out its business, Distributors contracts with brokers who typically work for an insurance agency affiliated with Distributors' parent company, John Hancock Mutual Life Insurance Company (JHMLICO). JHMLICO sells insurance through managerial and general agencies. Managerial agencies are owned and operated by JHMLICO and all individuals performing services for them are considered JHMLICO employees. General agencies, on the other hand, are not owned by JHMLICO and all

individuals performing services for them are considered independent contractors.

Distributors enters into "Sales Representative Agreements" with its brokers, who, as noted, also work for JHMLICO's managerial and general agencies. Distributors considers all its brokers, regardless of whether they are employees of JHMLICO managerial agencies or provide services for JHMLICO general agencies, to be independent contractors.

One of Distributors' former brokers, who was a JHMLICO managerial agency employee, filed for unemployment compensation in the fall of 1994. The amount of his potential benefits was determined by his earnings in covered employment during calendar year 1993. See RSA 282-A:25 (Supp. 1993). JHMLICO had reported the employee's wages to DES while Distributors had not. Rather, Distributors issued a 1099 form to its former broker, thus treating its payments to him as non-employee compensation.

After an initial investigation, DES issued a determination of the claim which included Distributors' payments to its former broker. Thereafter, in early December 1994, DES issued a determination of liability which concluded that Distributors was a New Hampshire employer subject to the Federal Unemployment Tax Act. Distributors appealed, arguing that its managerial agency brokers were exempt from the definition of "employment" under RSA 282-A:9, III (1987) and IV(s) (1987) (amended 1996), and thus it was not obligated to pay a tax for their unemployment compensation. In October 1996, DES ruled that employees of managerial agencies who served as brokers for Distributors were also employees of Distributors. After its motion for reconsideration was denied, Distributors filed this appeal.

I

█ The aim of our unemployment compensation statute, RSA chapter 282-A, is to curb the spread of unemployment and lighten the burden on those involuntarily unemployed. See Appeal of Boudreault, 123 N.H. 332, 333 (1983). RSA 282-A:9, I (1987) broadly defines "employment" to mean "service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, expressed or implied, together with service performed within the state which constitutes 'employment' under the provisions of the Federal Unemployment Tax Act." RSA 282-A:9,

IV(s) (1987), however, expressly excludes certain services and activities from the definition of employment:

> Services by a hawker, peddler or other individual engaged in the retail selling of products, not intended for resale, by home demonstration, door-to-door or in a similar manner, other than service performed in a retail establishment, and remuneration is solely by commission related to sales rather than the number of hours worked.

Distributors first argues that its former broker, who worked at a JHMLICO managerial agency, qualified under this exclusion because he was engaged in the retail sale of a product in a non-retail setting and compensated solely by commission. DES found that the securities sold were not "products" and that the agency offices from which they were frequently sold and for which Distributors paid JHMLICO a rental fee, were akin to retail establishments.

█ Where the applicability of a statutory exception is contested, the burden is on the purported employer to establish the exception. *See Boudreault,* 123 N.H. at 333. In reviewing a decision of the DES, we will not substitute our judgment on questions of fact and we will "uphold [its] decision unless its findings or conclusions were unauthorized, affected by an error of law, or clearly erroneous in view of all the evidence presented." *Appeal of Work-A-Day of Nashua,* 132 N.H. 289, 291 (1989) (quotation omitted).

The plain language of RSA 282-A:9, IV(s) does not exclude a seller of securities from the term "employment." RSA 282-A:9, IV(s), in effect at the time of the DES ruling, excludes "[s]ervices by a hawker, peddler or other individual engaged in the retail selling of *products.*" (Emphasis added.) It is commonly and historically understood that hawkers and peddlers sell goods, not intangible items such as securities. *See Albertson v. Shenton,* 78 N.H. 216, 217-18 (1916); *State v. Angelo,* 71 N.H. 224, 225 (1902); *State v. Wells,* 69 N.H. 424, 425-26 (1898). Securities, by definition, are not tangible goods, wares or products. *See* RSA 421-B:2, XX(a) (1998); *see also* RSA 382-A:9-105(h) (Supp. 2000) (excluding money, documents, instruments, accounts, chattel paper, general intangibles and minerals before extraction from the definition of "goods").

█ We will not add words to the plain language of a statute which the legislature chose not to include. *See Brewster Academy v. Town of Wolfeboro,* 142 N.H. 382, 384 (1997). We note that RSA 282-A:9,

IV(s) does not include the term "securities" or "intangibles." Further, the legislature, when it amended RSA 282:9, IV(s) in 1996, also chose not to include the term "intangibles." *Cf.* RSA 281-A:2, VI(b)(3)(A) (1995) (statute excludes "direct sellers" of "consumer products, services or intangibles" from the term employment). In sum, a seller of securities cannot be considered a seller of "products" under the plain meaning of RSA 282-A:9, IV(s). Having so concluded, we need not address Distributors' further arguments about the protection allegedly afforded by the statutory exclusion.

## II

■ Distributors also argues that its brokers, who are employees at JHMLICO's managerial agencies, are not its employees by virtue of the exclusion provided in RSA 282-A:9, III. This section provides:

> Services performed by an individual for wages shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commissioner of the department of employment security that:

> (a) Such individual has been and will continue to be free from control or direction over the performance of such services, both under his contract of service and in fact; and

> (b) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

> (c) Such individual is customarily engaged in an independently established trade, occupation, profession, or business.

RSA 282-A:9, III. The burden is on the party challenging an "employment" determination to establish that all three requirements for exclusion have been satisfied; failure to establish any of them is conclusive proof of employment for purposes of RSA chapter 282-A. *See Appeal of Work-A-Day*, 132 N.H. at 291. DES found that Distributors failed to satisfy all three requirements. Because we agree that subparagraph (a) was not met, we need not address the DES' remaining findings.

Distributors' reliance on *Appeal of Lakes Region Community Services Council*, 127 N.H. 386 (1985), to support its argument that

its brokers were free from its direction or control in the performance of their duties, is misplaced. In *Appeal of Lakes Region*, where individuals provided temporary care to disabled persons, they kept their own time logs and submitted bills for services rendered. *See id.* at 387. With the exception of verifying delivery of the services and seeking evaluations of the service from the recipients, the employing entity "d[id] not attempt to monitor the provision of services or instruct providers what to do." *Id.*

In contrast, Distributors controls the manner in which its brokers solicit business. Under the Sales Agreement executed with its brokers, Distributors mandates the literature they must use in selling securities and controls the commission they receive for their work. Distributors controls the manner in which sales are consummated and retains the right to refuse to process any sale once made. All records, including customer files, transaction logs and correspondence, remain Distributors' property and are subject to its inspection. Brokers, if terminated, must return all such property. Further, they must comply with continuing education requirements imposed by Distributors, and they are subject to fines for violating internal company rules. Contrary to Distributors' assertion, the record indicates that Distributors provides brokers advances against commissions. Lastly, brokers are expressly prohibited from representing any other securities dealer without prior written approval of Distributors.

It was reasonable for DES to conclude from this evidence that Distributors' brokers who work for managerial agencies are not free from its control or direction. Indeed, unlike the employing entity in *Appeal of Lakes Region*, Distributors directly monitors the provision of services and instructs brokers what to do and how to do it. *See Appeal of Lakes Region*, 127 N.H. at 387.

■ Accordingly, Distributors has failed to meet its burden of demonstrating exemption under RSA 282-A:9, III, or that DES' findings were unauthorized, affected by any error of law, or clearly erroneous. *See Appeal of Work-A-Day*, 132 N.H. at 291, 293.

*Affirmed.*

NADEAU and DALIANIS, JJ., concurred; GROFF and MANGONES, JJ., superior court justices, specially assigned under RSA 490:3, concurred.