Department of Employment Security
No. 2005-384

APPEAL OF FIRST STUDENT, INC.
(New Hampshire Department of Employment Security)

Argued: February 9, 2006
Opinion Issued: June 27, 2006

*Pierce Atwood LLP*, of Portsmouth (*David A. Anderson* on the brief and orally), for the petitioner.

*Kelly A. Ayotte*, attorney general (*Mary E. Schwarzer*, assistant attorney general, on the brief and orally), for the New Hampshire Department of Employment Security.

BRODERICK, C.J. The petitioner, First Student, Inc., appeals a decision of the administrative hearing committee (AHC) for the New Hampshire Department of Employment Security (DES), as affirmed by the DES appellate board, ordering it to pay unemployment compensation contribution payments that were recalculated on a retroactive basis. We reverse.

This appeal involves two entities with similar names. First Student, Inc. provides bus transportation for school systems and conducts business in New Hampshire and many other States. In 1998, First Student Services LLC was formed under Delaware law. In January 2001, First Student, Inc. transferred employees and certain assets to First Student Services, LLC, a subsidiary company, for the purported purpose of diminishing and distributing certain liabilities of First Student, Inc. For the remainder of this case we refer to First Student, Inc. as "Old Inc." and to First Student Services LLC as "New LLC." As of December 31, 2003, New LLC liquidated back into Old Inc., and Old Inc. is the appealing party before us.

I

The following facts are supported by the record or are not otherwise challenged on appeal. In December 2000, New LLC filed an Employer Status Report (ESR) with DES as required by law, N.H. ADMIN. RULES, Emp 302.01, representing that it would furnish employment in New Hampshire beginning January 1, 2001, and that it had acquired 5% of Old Inc.'s assets. On January 10, 2001, DES issued a "Determination of Liability" to New LLC. It identified New LLC as an "employer" effective January 1, 2001, pursuant to RSA 282-A:8, II (Supp. 2005), and assigned it a merit rate of "2.7% less any fund balance reduction when applicable." *See* RSA 282-A:69, I (Supp. 2005) (employers obligated to pay contributions based upon portion of wages for each calendar year); RSA 282-A:81 (1999) (rate for newly covered employers). Thereafter, Old Inc. transferred 168 of its 176 employees (all bus drivers) to New LLC, and Old Inc. contracted with New LLC for those same drivers to operate Old Inc. buses. New LLC paid DES all required unemployment compensation contributions on the wages of the drivers.

More than two and one-half years later, DES informed New LLC that it intended to conduct a review of prior "Determinations of Liability." On September 15, 2003, DES issued a new determination that the New LLC bus drivers "were actually in the employ of [Old Inc.]" DES, therefore, voided New LLC's unemployment compensation contribution account and transferred the contribution taxes paid by New LLC since January 2001 into Old Inc.'s account. It also recalculated the contribution tax due on the bus driver wages since January 2001 based upon Old Inc.'s higher tax rate and ordered Old Inc. to pay into its account a balance due of $123,321.59, plus $17,792.28 in interest.

Old Inc. appealed the DES determination. The AHC, acting on behalf of the commissioner of DES, conducted a hearing on the merits, and affirmed the September 2003 DES determination. The AHC found that New LLC was not an employer pursuant to RSA 282-A:7, II (1999), and that the bus drivers identified as employees by New LLC had to be reported under Old Inc.'s account. Thus, contributions were required to be paid in accordance with Old Inc.'s higher merit rating pursuant to RSA 282-A:79 (1999). In response to Old Inc.'s motion for reconsideration, AHC further ruled that DES' January 2001 "Determination of Liability" did not bar DES from issuing its new determination in September 2003.

Old Inc. appealed to the DES appellate board. It argued that DES was barred by RSA 282-A:95 (1999) and by the doctrine of administrative *res judicata* from reversing its January 2001 "Determination of Liability." It also argued that the AHC misapplied the standard under RSA 282-A:7 (1999) for determining whether Old Inc. or New LLC was the employing unit of the bus drivers for purposes of the unemployment compensation statute. Finally, it contended that the standard for defining an "employing unit" set forth under RSA 282-A:7, II was unconstitutionally vague. The appellate board summarily sustained the decision of the AHC. Old Inc.'s motion to reopen the case was denied. This appeal followed.

II

Judicial review of DES decisions is controlled by RSA 282-A:67, II (1999), which specifies the procedure for appealing "a final decision of the appeal tribunal as reversed, modified, or affirmed by the appellate board." Because the appellate board in this case neither clarified nor limited AHC's record or determination, but simply sustained it, we confine our review to the findings and rulings of the AHC. *See Appeal of Bosselait*, 130 N.H. 604, 606 (1988), *cert. denied*, 488 U.S. 1011 (1989). In reviewing decisions under RSA 282-A:67, we will not "substitute [our] judgment for that of the appeal tribunal as to the weight of the evidence on questions of fact." RSA 282-A:67, V (1999). "Furthermore, we will uphold the

department's decision unless its findings or conclusions were unauthorized, affected by an error of law, or clearly erroneous in view of all the evidence presented." *Appeal of Work-a-Day of Nashua*, 132 N.H. 289, 291 (1989) (quotation omitted); *see also* RSA 282-A:67, V.

## III

Before turning to the specific arguments advanced on appeal, we review relevant portions of the unemployment compensation chapter to provide context for the present dispute. The unemployment compensation statutory framework encompasses two primary and complementary components: benefits and contributions. With respect to benefits, DES is charged with paying qualifying individuals from the unemployment compensation fund. RSA 282-A:3; :24; :42-:52 (1999 & Supp. 2005). All benefits paid to an eligible individual are charged against the account of the claimant's most recent employer. RSA 282-A:74, II (1999). Regarding contributions, each employer, as defined by statute, RSA 282-A:7, :8 (Supp. 2005), must pay DES a percentage of wages paid or payable to its employees during the calendar year, RSA 282-A:69, I. DES maintains employers' contributions in separate individual accounts. RSA 282-A:74, I (1999). Contribution payments are based upon an employer's "merit rating" that DES calculates each calendar year by assessing an employer's "actual experience in the payment of contributions on their own behalf and with respect to benefits charged against their accounts, with a view toward fixing such contribution rates as will reflect such experience." RSA 282-A:79 (1999). Various factors may affect the calculation of an employer's merit rating. *See, e.g.*, RSA 282-A:81-:93 (1999 & Supp. 2005). New employers initially are assessed at a rate of 2.7 percent, RSA 282-A:81, which is adjustable in succeeding years, *see* RSA 282-A:79.

To be subject to the unemployment compensation chapter, an entity must be an "employer," as defined in RSA 282-A:8. *See* RSA 282-A:69 (Supp. 2005) (each calendar year contributions due from "employer"). An "employer" is an "employing unit" with particular characteristics, such as being subject to the Federal Unemployment Tax Act. RSA 282-A:8, II. "Employing unit" is further defined in RSA 282-A:7, II, which includes the following qualification:

> Whenever any employing unit contracts with or has under it any contractor or subcontractor for any work which is part of its usual trade, occupation, profession or business, individuals in the employ of such contractors or subcontractors shall be considered to be in the employ of the employing unit unless it shall be proven to the satisfaction of the commissioner of the department of

employment security that such contracting is not for the purpose of avoiding the application of this chapter.

Thus, RSA 282-A:7, II creates a statutory presumption that an entity is the "employing unit" for individuals it uses under contract to perform work that is part of its usual business. This provision seeks to prevent an employer from trying to limit its unemployment contribution tax burden by using individuals to perform its usual work without paying unemployment compensation contributions for them. Indeed, the legislature requires the DES commissioner to administer the unemployment compensation chapter in a manner sufficient to maintain the solvency of the unemployment compensation fund. *See* RSA 282-A:103, :112, I (1999). The merit rating system evinces the legislature's intent to place a proportional burden upon employers to maintain the solvency of the fund, such that those employers who impose a greater burden upon the fund are required to pay a greater share based upon a "higher" merit rating. *See* RSA 282-A:79. Ascribing to each employer its proportional burden to pay unemployment contributions results in adequate funding for unemployment benefits and ensures the fund's solvency. With this background, we turn to the dispute before us.

IV

Old Inc. argues that DES was barred from revisiting its January 2001 "Determination of Liability." It contends that RSA 282-A:95 renders the January 2001 determination "final and conclusive," and that the common law doctrine of *res judicata* further precludes its subsequent modification. Thus, Old Inc. argues that DES erred in September 2003 by retroactively voiding the New LLC account, transferring the wages reported and taxes paid by New LLC since January 2001 to Old Inc.'s account, and requiring Old Inc. to pay contributions recalculated on a retroactive basis.

According to DES, however, its January 2001 and September 2003 determinations were distinct in scope. It contends that the January 2001 determination "was uniquely focused upon" whether New LLC was subject to the Federal Unemployment Tax Act and had employees in New Hampshire pursuant to RSA 282-A:94 (1999). DES further asserts that its September 2003 determination assessed for the first time the nature of the contractual relationship between Old Inc. and New LLC with respect to the former's use of the latter's bus drivers under RSA 282-A:7, II. It argues that RSA 282-A:101 (1999) authorized its termination of the New LLC account, and that its September 2003 determination fell within the limitations period of RSA 282-A:145 (1999) for raising substantive matters.

We first examine whether DES' January 2001 determination was final and conclusive under RSA 282-A:95 such that DES was precluded from issuing its September 2003 determination. In matters of statutory interpretation, we are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Donovan & Donovan*, 152 N.H. 55, 58 (2005). We examine the language of the statute, ascribing to its words their plain and ordinary meanings, and interpret it in the context of the overall legislative scheme and not in isolation. *Id.*

Under RSA 282-A:95, an initial "Determination of Liability" issued by DES, if unappealed, becomes "final and conclusive in all respects and for all purposes," with limited exceptions not applicable here. DES does not challenge the plain import of this statutory language. It contends, however, that "[n]othing in [its] January 10, 2001 determination reached a conclusion as to whether New LLC was the 'employing unit' for employees it provided to Old Inc. under a contractual agreement." By statute, however, DES was required in January 2001 to "make an initial determination on all questions relating to the liability of employing units or employers or both, including the amount of contributions, the rate at which contributions shall be paid and successorship." RSA 282-A:94 (1999). The comprehensive scope of this obligation required DES to discern whether a particular entity is the appropriate "employing unit" for unemployment taxes on the wages of individuals who are performing for it under contract. *See* RSA 282-A:7, II. Indeed, to be an "employer" subject to the unemployment compensation chapter itself, an entity must be an "employing unit" under RSA 282-A:7. *See* RSA 282-A:8 ("'Employer' means ... [a]ny employing unit which ....").

█ We reject DES' arguments that "the January 2001 decision did not give [DES] an adequate opportunity to determine whether New LLC's contractual relationship with Old Inc. was proper," and that DES "had not even been informed of that relationship at the time." The ESR form that New LLC filed with DES in December 2000 revealed an ongoing relationship between the two entities. New LLC identified "First Student, Inc." in response to an inquiry on the form asking whether it had "acquired the organization, trade, business or any of the New Hampshire assets of any other employing unit or employer." New LLC further disclosed that Old Inc. would remain in business in New Hampshire and would "continue management function and ... continue to own all vehicle assets." In order for it to properly assess the contribution liabilities of New LLC as was required under RSA 282-A:94, we conclude that DES had sufficient information before it on the ESR form to alert it of the need to

investigate the nature of the ongoing relationship between the two entities. Accordingly, we conclude that the January 2001 determination was "final and conclusive" concerning New LLC's liability to make contribution payments for the employees it contracted to Old Inc.

We note, however, that while "final and conclusive," a DES initial determination under RSA 282-A:94 is subject to several statutory provisions permitting DES to reconsider, reassess, or recalculate prior determinations. For example, DES may correct errors in an employer's account.

> Except as otherwise provided in this subdivision, whenever through inadvertence, mistake or any other means erroneous charges or credits are found to have been made to an employer's account, the same shall be readjusted as of the date of discovery. Such readjustment shall not affect any computation or rate assigned prior to the date of discovery, but there shall be an immediate recomputation, in accordance with the applicable provisions of this subdivision, of such employer's account with notice to the employer of the result thereof. If such recomputation results in a contribution rate either higher or lower than that rate in effect on the date of discovery, such new rate shall become effective and applicable to taxable wages as of the first day of the quarter next succeeding the quarter in which the discovery is made.

RSA 282-A:89. Further, contributions become due and payable each calendar year, RSA 282-A:69, I, and DES is required to annually reevaluate each employer's merit rating, which in turn affects the calculation of its contribution due, RSA 282-A:79.

In this case, however, DES relies upon none of these provisions to justify its retroactive recalculation of contribution payments in this case. In fact, it specifically states that RSA 282-A:89 concerning recomputation is not applicable. Rather, it contends that it voided New LLC's account pursuant to RSA 282-A:101, and that its September 2003 determination "is consistent with" the limitations period under RSA 282-A:145. We review each statute in turn.

First, section 101 states:

> Except as otherwise provided in this subdivision, where the commissioner, after such investigation as he deems necessary, finds that an employer during the then last completed calendar year did not satisfy the conditions of becoming an employer as set forth in this chapter, he shall terminate such employer and

permanently remove such employer's separate account as of the first day of January of the calendar year succeeding the year above described.

RSA 282-A:101. This provision authorizes DES to look back to the last completed calendar year, and should it determine that a particular entity did not satisfy the conditions of becoming an employer, it can void that entity's account only as of January 1 of the calendar year succeeding the "last completed calendar year" reviewed by DES. Section 101, on its face, does not authorize the actions DES took in this case; namely, retroactively voiding New LLC's account as of January 1, 2001, transferring taxes paid from the voided account to a different entity's account, reapplying wages from January 1, 2001, to a different entity's account, and requiring that entity to pay contributions recalculated on a retroactive basis.

■ Second, DES relies upon section 145 to argue that its "September 2003 decision is consistent with this limitations period, as the issue was addressed within six years of the New LLC's filing as a New Hampshire employer." The provision provides:

> No action may be maintained under this chapter unless commenced within 6 years of the time the cause arose or 2 years after the department is put on notice that the cause exists, whichever is later.

RSA 282-A:145 (1999). Section 145 is simply a procedural statute, defining the limitations period within which DES may bring an action under the unemployment compensation chapter. Standing alone, this provision provides no substantive authority for DES to transfer taxes paid by New LLC into Old Inc.'s account, retroactively reapply wages to Old Inc.'s account from January 1, 2001, and require Old Inc. to pay contributions recalculated on a retroactive basis. RSA 282-A:7, II also provides no such authority, and DES cites no other underlying substantive provision.

Accordingly, we conclude that the AHC erred as a matter of law in upholding the September 2003 determination which transferred to Old Inc.'s account both taxes paid by New LLC and wages reported by New LLC since January 2001 and which recalculated retroactive contributions due based upon Old Inc.'s merit rating. Having resolved on a statutory basis Old Inc.'s challenge to the retroactive nature of the September 2003 determination, we conclude that it is not necessary to address its remaining arguments.

*Reversed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.